## REED v. FRAUENTHAL.

### Opinion delivered April 8, 1918.

VENDOR'S LIENS—FAILURE TO SATISFY.—Kirby's Digest, § 5402, requiring the satisfaction of a mortgage within a certain time after payment does not apply in the case of a sale with retention of a vendor's lien.

Appeal from Cleburne Chancery Court; *George. T. Humphries*, Chancellor; affirmed.

*George W. Reed,* for appellant.

1. The court erred in sustaining the demurrers. Our contention is based § § 5401-2-3, Kirby's Digest.

2. A lien retained in a deed is a mortgage. 28 Ark. 401; 60 *Id.* 90; 72 *Id.* 350; 51 *Id.* 433; 93 *Id.* 371; 95 Ky. 261; 24 S. W. 867; 9 Watts, 508; 36 Am. Dec. 136; 2 Sandf. 494-507; 138 Iowa, 553; 114 N. W. 615; 19 L. R. A. (N. S.) 206; 101 U. S. 306; 74 N. Y. 348; 55 N. J. Eq. 805; 38 Atl. 763; 58 Ala. 10-23; 150 Ind. 489; 50 N. E. 468; Jones on Mortgages, § 192-3; 1 Woods (U. S.) 386; 29 Atl. 333; 35 *Id.* 49.

*Samuel Frauenthal,* for appellees.

1. The statute is highly penal and should be strictly construed. 2 Jones on Mortg. (7 ed.) § 990; 168 S. W. 917; 66 N. W. 42; 36 *Id.* 787; 28 So. 484; 27 Cyc. 1426; 25 So. 8; 138 Ala. 567; 39 So. 567; 106 Ark. 79.

2. The instrument here is a vendor's lien and not a mortgage and does not fall within the statute. 106 Ark. 79.

3. The lien notes have never been paid. 48 Ark. 267; 51 *Id.* 300; 68 *Id.* 233; 84 *Id.* 218.

SMITH, J. This suit was brought by A. J. Frauenthal, as transferee of the trustees of his deceased mother's

estate, to foreclose a certain mortgage executed by appellant George W. Reed to said trustees upon certain real estate in Heber Springs, Arkansas.

Appellant filed an answer and cross-complaint, in which it was alleged that the plaintiff's ancestor, Sallie Frauenthal, sold the land mentioned in the complaint to one L. J. Morgan, and reserved a vendor's lien in the deed therefor to secure the payment of the unpaid purchase money. That later Morgan sold and conveyed said land to A. J. Bishop, who assumed the payment of the said lien notes, and Bishop sold and conveyed the land to appellant Reed, who, in the deed of conveyance received by him, assumed and agreed to pay the lien notes. These notes were unpaid, and on September 4, 1915, a note for the balance then due was executed by the appellant Reed and a mortgage was given by him on the land in part payment of which the lien notes had been executed. These lien notes were not delivered to Reed, and the lien was not satisfied of record. It was alleged that the lien notes and the mortgage represented the same indebtedness, and there was a prayer for judgment for the amount of the indebtedness, as a penalty under section 5402 of Kirby's Digest. A demurrer was filed to this answer and cross-complaint, and appellant declined to plead further when this demurrer was sustained, and a decree of foreclosure was entered, and this appeal has been duly prosecuted.

Appellant predicates his right to the relief prayed for on the provisions of section 5402 of Kirby's Digest, which section reads as follows:

"Sec. 5402. If any person thus receiving satisfaction does not, within sixty days after being requested, acknowledge satisfaction as aforesaid, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, to be recovered by civil action in any court of competent jurisdiction."

In support of the decree of the court below, it is first insisted that the indebtedness represented by the lien

notes had never been paid, and that the execution of a mortgage to secure a note given in settlement of the balance due on the lien notes is not a payment within the meaning of the law. This may be true; but we expressly refrain from deciding that question, as another question raised by appellee is decisive of this case. That point is that the instrument which appellee failed to satisfy is not a mortgage, but is a deed in which a vendor's lien was reserved. It is argued, however, that as such a lien is regarded in the law as an equitable mortgage the statute which names "any mortgage" should be held to cover it. A similar argument was made in the case of *Priddy & Chambers* v. *Smith*, 106 Ark. 79. In that case a vendor's lien had been foreclosed under a decree and sale of the chancery court, and the right of redemption was claimed which the statute gives from decrees foreclosing mortgages. But it was there said that a vendor's lien is a creation of equity and does not exist at law and is enforced by a court of equity as a trust or as an equitable lien, and that the statute naming mortgages and deeds of trust did not apply to an equitable vendor's lien. It was there urged that section 5420 of Kirby's Digest, which gave this right of redemption under decrees of foreclosure of mortgages and deeds of trust, was remedial in its nature and should be liberally construed. We reached the conclusion, however, that the statute did not apply because of the fundamental difference between an equitable vendor's lien and the liens named in the statute. Here we have a statute which is highly penal in its nature and one which we must, therefore, strictly construe; and upon principle, as well as from an adherence to the doctrine of the case of *Priddy & Chambers* v. *Smith, supra,* we must hold with the court below that the provisions of the statute quoted do not apply. A number of states have similar statutes, and all of the courts which have been called upon to construe them, so far as we are advised, have held that, being penal in its nature, the statute is to be strictly construed. As illustrative of this idea, the Su-

preme Court of Alabama, in construing a statute of that state, which provides that if, on satisfaction of a "mortgage," the holder thereof does not discharge it of record within three months after a written request by the mortgagor, the holder shall forfeit a penalty, held that the maker of a trust deed can not recover the penalty where there was a refusal to satisfy the record within three months after written request so to do, because a trust deed was not a mortgage and, therefore, not within the statute. We are not called upon to approve all that was said by that court in distinguishing a mortgage from a deed of trust; but the opinion in that case shows the strictness with which statutes of this kind have been construed. Here there was no conveyance by the original debtor to secure the vendor's lien notes or any attempt by the debtor to fix a lien by contract upon the land. The lien which existed was a creature of equity, and not of contract, and the statute does not apply in such cases.

The decree of the court below, sustaining the demurrer to the answer and cross-complaint, is, therefore, affirmed.