RUBLY *v.* ARKANSAS-LOUISIANA GAS COMPANY.

4-9649                                                         245 S. W. 2d 401

Opinion delivered January 28, 1952.

*H. B. Means, Jr.,* and *J. C. Cole,* for appellant.

*Henry C. Walker, Jr.,* and *Moore, Burrow, Chowning & Mitchell,* for appellee.

ROBINSON, J. In October, 1948, the appellants, Grant R. Rubly and Lucille A. Rubly, bought eighty acres of land in Hot Spring County. In the fall of 1949, a pipe line was laid across the property. In fact, a pipe line was there at the time of the purchase, the new line being an addition to, or replacement of, the old line.

Appellants claim that their property was damaged by the construction of the new line and sued the Arkansas-Louisiana Gas Company, appellee herein, for damages, alleging that the defendant Gas Company, by its agents, servants and employees, constructed the pipe line. The defendant Company specifically denied it constructed the line and pleaded that the work was done by an independent contractor. After appellants completed the introduction of their evidence, the Gas Company moved for a directed verdict, which was granted.

Two issues are presented: First, is there any evidence going to show that the appellee Gas Company owned the line in question? Next, is there any competent evidence in the record to the effect that appellants have suffered any damage other than nominal damages by reason of the work done on the pipe line?

Although the answer denies that the Gas Company constructed the pipe line, it is alleged therein that the pipe line was constructed by Latex Corporation while acting as an independent contractor. However, it is not stated in the answer that the defendant engaged the Latex Corporation as an independent contractor. The principal reason upon which we base our opinion that the evidence on this point is sufficient to cast upon the defendant Gas Company the burden of proceeding as to the independent contractor feature of the case is the following question propounded, on cross-examination, to Rubly, the property owner, and his answer thereto:

"Q. Mr. Rubly, what was the condition of the right-of-way of the Arkansas Louisiana Gas Company across your property with reference to its surface, whether it was rough, or fairly smooth prior to the installation of this last line in 1949? A. Well, the right-of-way line was smooth and across this other portion also was smooth. There were no rough breaks."

The plain permissible inference to be drawn from this evidence is that the right-of-way, where the pipe line was laid, was that of the Arkansas-Louisiana Gas Company. In its answer the defendant Gas Company had alleged that the pipe line was laid by an independent

contractor without direction or control of the defendant in the manner or method of doing the work. Hence, after taking into consideration the pleadings in the case and the evidence heretofore mentioned, it became the duty of the defendant to prove its allegation with reference to the work having been done by an independent contractor.

In 27 Am. Jur. 538, the rule is stated as follows: "Thus, if the employer claims that a workman is an independent contractor for whose acts he is not responsible, the burden is on him to show the workman's independence. It has been held that in an action against an employer for injuries, a presumption arises that a person working on the defendant's premises and performing work for the benefit of the defendant is a mere servant, and if the defendant seeks to avoid liability on the ground that such person is an independent contractor, the burden is upon him to show the independence of the employee."

In the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Davenport*, 80 Ark. 244, 96 S. W. 994, Chief Justice McCulloch, speaking for the court, said: "The relations between the railway company and the contractors were not drawn out in the evidence, but it is shown that the damage was inflicted by those engaged in the construction of the railroad for the company, and it devolved upon the latter to show that the same was done by an independent contractor for whose conduct the company was not responsible."

In *Warren, Administratrix*, v. *Hale*, 203 Ark. 608, 158 S. W. 2d 51, Justice McHaney said: "It is generally held by the courts, including our own, that if the employer claims that an employee is an independent contractor for whose acts he is not responsible, the burden is upon him to show that fact."

Also, we think the evidence was sufficient to carry the case to the jury on the question of damages. The plaintiff Rubly testified that he bought the property in 1948; that he was the owner of the land when the gas line

was laid across it in 1949; that when he took over the land, it was gently rolling to level and the portion east of the road was a smooth slope of land with a heavy cover of grass and on the western side of the highway was all grass land; that there was heavy Bermuda and other types of grass all over the place; that there were several streams of water, and as a result of the work done by the defendant Gas Company, the drainage has been impaired; that a concrete abutment was left partly damming one of the creeks; that the remains of a timber bridge were left in another creek, obstructing the flow of water; that the Bermuda grass has been drowned out and marsh grass has sprung up in its place; that mud puddles and marshly conditions now exist; that some of the grass is gone entirely, leaving bare, rocky soil; that the topsoil has been caused to wash away. Pictures were introduced showing the condition of the place before and after laying of the pipe line. Objection was made to the introduction of these pictures because they did not show enough detail, but the pictures are not objectionable for that reason.

Mr. Tom Ross Young testified that he had lived in Malvern 38 years, and is engaged in the real estate and loan business; that he is familiar with the market value of real estate in the general vicinity of Malvern; that he is familiar with the place where the Rublys live about one mile from the City limits on Highway No. 9; that he sold the property to Rubly for Raymond Scott; that he has been over the property and examined the damage done by reason of the laying of the pipe line, and he estimated the damage at $1,500. This witness' testimony is admissible for the purpose for which it was introduced.

Reversed and remanded for new trial.