Harold J. CRAIL and Darlene CRAIL *v.*
NORTHWESTERN NATIONAL INSURANCE CO.

83-271                                         666 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered April 9, 1984

*Jonathan P. Shermer, Jr.,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellants, Harold and Darlene Crail, had been injured in an automobile accident and were paid $8,188.44 pursuant to the no fault provisions of an automobile policy issued to appellant's employer by appellee, Northwestern National Insurance Co. Contrary to the terms of the policy, appellants were assured by appellee's agent, James R. Ford Insurance Company, that they would not have to refund the money when they received an expected settlement from the tortfeasor. Relying on this assurance, appellants accepted and spent the money. When appellants received the settlement, appellee sued them for reimbursement of the $8,188.44 payment.

A jury found that the James R. Ford Insurance Company, as agent, had apparent authority to bind its principal, appellee, and that appellants had detrimentally relied on that apparent authority. A verdict was returned in favor of appellants, but the Yell County Circuit Court granted appellee judgment notwithstanding the verdict. On appeal we reverse.

The question of whether an agent is acting within the scope of his actual or apparent authority is a question of fact for the jury or trier of fact to determine. *Rowland* v. *Gastroenterology Associates, P.A.,* 280 Ark. 278, 657 S.W.2d 536 (1983); *Babbitt* v. *Gordon,* 251 Ark. 1112, 476 S.W.2d 795 (1972). A trial court may enter judgment notwithstanding the verdict only if there was no substantial evidence to support the jury verdict. *McCuistion* v. *City of Siloam Springs,* 268 Ark. 148, 594 S.W.2d 233 (1980). We must review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party against whom the judgment notwithstanding the verdict was entered. *Westside Motors* v. *Curtis,* 256 Ark. 237, 506 S.W.2d 563 (1974).

An employee of the James R. Ford Insurance Company testified that she told appellant, Harold Crail, that he would not have to return the money before she handed him the checks issued by appellee in the amount of $8,188.44. She further testified that the James R. Ford Insurance Company

had authority to accept premiums, issue binders, change names on a policy, add or delete a named insured, change the amount of coverage, and change automobiles on a policy. We conclude that such authority is consistent with our previous description of a general agent with apparent authority to bind its principal. *Dixie Life and Accident Ins. Co. v. Hamm,* 233 Ark. 320, 344 S.W.2d 601 (1961). The testimony of the employee of the James R. Ford Insurance Company was such that the jury could find the agency had apparent authority to bind its principal, the appellee.

The remaining question is whether there was substantial evidence to support the jury finding that the appellants relied to their detriment on the apparent authority of the James R. Ford Insurance Company. Appellant, Harold Crail, testified that, in reliance upon the statement of the employee of the James R. Ford Insurance Company, he spent the money received from appellee for medical bills, living expenses while out of work, the purchase of a vehicle, and the purchase of a business partnership. If there is any substantial evidence to support a finding of fact by the jury, the trial court may not enter a judgment notwithstanding the verdict. *McCuistion* v. *City of Siloam Springs,* supra.

Reversed.

HAYS, J., dissents.