## Roy HAMPTON and Linda HAMPTON
## *v.* ARKANSAS LOUISIANA GAS COMPANY;
## R & R PIPELINE CONSTRUCTION AND
## REPAIR, INC.; and FARMERS MUTUAL
## INSURANCE COMPANY OF GENTRY, ARKANSAS

84-77                                              669 S.W.2d 476

### Supreme Court of Arkansas
### Opinion delivered June 4, 1984

*Young & Finley,* for appellant.

*Friday, Eldredge & Clark,* by: *William M. Griffin, III,* for appellee Arkansas Louisiana Gas Co.

*Tatum & Sullivan, P.A.,* for appellee R & R Pipeline Construction and Repair, Inc.

*Laws & Swain, P.A.,* for appellee Farmers Mutual Insurance Company of Gentry, Arkansas.

JOHN I. PURTLE, Justice. The trial court, sitting without a jury, awarded appellants the sum of $391.75 on their claim for damages against the appellees. For their appeal the appellants argue the trial court erred in excluding certain testimony and that the court's findings were not based upon the clear preponderance of the evidence. We do not agree with appellants.

The appellees were involved in a project to construct a gas transmission line across appellants' property. Arkansas Louisiana Gas Company contracted with R & R Pipeline Construction and Repair, Inc. to construct the pipeline and procured a policy of insurance from Farmers Mutual Insurance Co. of Gentry, Arkansas. The insurance policy was for the protection of appellants. During construction the contractor cut appellants' fences and blasted within a few feet of a chicken house used by appellants for commercial poultry production. Appellants filed suit for blasting damages to the chicken house and equipment and for damages for cutting the fences and letting the milk cow out. During the trial the court refused to accept certain testimony from the appellant wife concerning value of the property and the amount of damages resulting from blasting. Also, damage testimony by one of appellants' witnesses was rejected. Several witnesses testified for both sides on the matter of causation. The trial court found there was no blasting damage to the property.

We hold that the trial court was not clearly erroneous in holding that there was no damage to appellants' property caused by blasting. Appellants' witness Finkenbinder stated that in his opinion dynamite had nothing to do with the damage. Appellees' witnesses Gotcher and Stewart testified that in their opinion the blasting did not cause any damage to the property. There was evidence presented to support the decision of the trial judge. When reviewing a judgment for sufficiency of the evidence to support a verdict by a trial judge we consider the evidence most favorable to appellee and affirm unless the judge's decision is clearly erroneous. *Smith* v. *R. A. Brooks Trucking Co.*, 280 Ark. 510, 660 S.W.2d 1 (1983); and *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983).

In view of our holding that the trial court's decision that there was no blast damage is not clearly erroneous we do not reach the argument relating to damage testimony of the witnesses. Neither is it necessary to discuss strict liability from blasting because before there can be recovery, there must be causation. *Mixon* v. *Chrysler Corp.*, 281 Ark. 202, 663 S.W.2d 713 (1984); *Ford Motor Co.* v. *Tritt, Adm'x*, 244

Ark. 883, 430 S.W.2d 778 (1968).

Affirmed.

HOLLINGSWORTH, J., not participating.