**Charles SCHOONOVER, Appellee,**

v.

**NATIONAL CABLE COMMUNICA-
TIONS CORPORATION, a
foreign corporation, Appellant.**

**No. 85–1708.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 31, 1985.

Decided Feb. 20, 1986.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

William Gary Holt, Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

National Cable Communications Corporation (NCC) appeals from an order entered in the United States District Court[1] for the Eastern District of Arkansas denying its motion for judgment notwithstanding the verdict or new trial. This case is a result of a December 2, 1982 auto accident in which a truck driven by Joe Ferrell struck from the rear a car driven by Charles Schoonover. Schoonover brought this negligence action against NCC on the theory of respondeat superior. The jury returned a verdict for Schoonover in the amount of $43,500.00 compensation for his injuries as well as interest and costs. We affirm.

---

**1.** The Honorable Elsijane T. Roy, United States District Judge, Eastern and Western Districts of Arkansas.

**330**

On appeal, NCC challenges submission of the following instruction:

> National Cable Communications Corporation asserts that Joe D. Ferrell was an independent contractor for whose conduct it is not responsible, instead of an employee for whose conduct it would be responsible.

> Since National Cable Communications Corporation admits having employed Joe D. Ferrell in some capacity, National Cable Communications Corporation has the burden of proving that Joe D. Ferrell was an independent contractor.

NCC argues that the instruction improperly allocated the burden of proof. The instruction is based on Arkansas Model Jury Instruction 209. Under Arkansas law,

> when it is shown that the person causing the injury was at the time rendering a service for the defendant and being paid for that service, and the facts presented are as consistent with the master-servant relationship as with the independent contractor relationship, then the burden is on the one asserting the independence of the contractor to show the true relationship of the parties.

*Phillips Coop. Gin Co. v. Toll,* 228 Ark. 891, 893, 311 S.W.2d 171, 172 (1958). *See also Rubly v. Arkansas Louisiana Gas Co.,* 219 Ark. 912, 914, 245 S.W.2d 401, 402 (1952); *St. Louis, I.M. & S. Ry. v. Davenport,* 80 Ark. 244, 245, 96 S.W. 994 (1906).

Ferrell was a cable installer for NCC. Without objection Schoonover testified that Ferrell had said at the scene of the accident that he was an employee of NCC and that he was transporting cable for the company. A former NCC cable installer testified that he was trained by NCC and NCC gave him daily instructions. He also testified that a sign on his truck and a shirt he wore had NCC's name on them. NCC purchased workers' compensation insurance for its installers and provided Ferrell with a W-2 form. By virtue of this evidence, Schoonover satisfied his initial burden and the jury instruction properly reflected NCC's burden to go forward and prove that Ferrell was an independent contractor.

Relatedly NCC argues that insufficient evidence existed for the jury's finding that Ferrell was its employee. The district court held that the jury could reasonably conclude that Ferrell was not an independent contractor and denied NCC's motion for judgment notwithstanding the verdict on the issue. The standards for granting a judgment notwithstanding the verdict are the same under federal and Arkansas law. *Compare Brown v. Missouri Pacific R.R.,* 703 F.2d 1050, 1052 (8th Cir.1983) *with Crail v. Northwestern National Ins. Co.,* 282 Ark. 175, 176, 666 S.W.2d 706, 707 (1984). After viewing the evidence in a light most favorable to Schoonover, we find that substantial evidence supported the jury's verdict and the district court properly denied NCC's motion. As indicated, there was evidence that Ferrell had said at the scene of the accident that he was employed by NCC and was transporting cable for the company. Considering in addition testimony given by the former NCC cable installer and by the President of NCC regarding the nature of NCC's relationship with its workers, the jury reasonably could have concluded that Ferrell was an employee of NCC.

No reversible error appearing, the judgment of the district court is affirmed.