SPECIAL INSURANCE SERVICES, INC. and
ARKANSAS GENERAL AGENCY, INC. *v.* Dixie
ADAMSON

CA 86-43                      722 S.W.2d 875

Court of Appeals of Arkansas
Division II
Opinion delivered February 4, 1987

*Ronald W. Metcalf, P.A.*, for appellants.

*Carl J. Madsen, P.A.*, for appellee.

JAMES R. COOPER, Judge. The appellee, Dixie Adamson, is a self-employed insurance agent. James Barnett, a client, sued Adamson for the refund of insurance premiums paid on a cancelled policy. Adamson brought a third-party action against the appellants, Special Insurance Services, Inc. and Arkansas General Agency, Inc., on the theory that Special Insurance Services, Inc. owed the refund to Adamson, and that Arkansas General Agency, Inc. was also liable for the refund because Special Insurance Services, Inc. had acted as Arkansas General Agency, Inc.'s agent. The trial court, sitting as the fact-finder, found that Special and General were liable to Adamson for the amount of the refund paid to Barnett, and that Special was not entitled to a set-off against Adamson. From that decision, comes this appeal.

The evidence shows that Adamson procured an insurance policy for Barnett. To do so Adamson contacted Special, which normally acted as a multi-line broker. Special in turn contacted General, a general agent for various carriers, which placed the insurance. Special subsequently informed Adamson that Barnett's policy had been cancelled for nonpayment of premiums. Adamson requested reinstatement of Barnett's policy and Special instructed her to send Special the balance due on the premiums, and she did so. Special later informed Adamson that Barnett's policy could not be reinstated. When Adamson requested a refund from Special she was told that she would have to obtain it from General. General informed her that they had

applied the refund to her account. Barnett sued Adamson for the refund of the premiums he had paid her, and she, in turn, filed her third-party action against Special and General. Prior to trial, Adamson refunded the return premium to Barnett out of her own funds, and Barnett withdrew from the action.

For reversal, the appellants contend that the evidence does not support the trial court's finding that General is indebted to Adamson for the amount of the refund paid to Barnett, arguing that the evidence is insufficient to show that Special acted as General's agent, or that General committed any independent acts of negligence. We do not agree. The findings of fact of a trial judge sitting as the finder of fact will not be disturbed on appeal unless, considering the evidence in the light most favorable to the appellee, the findings are clearly erroneous or clearly against the preponderance of the evidence, giving due regard to the opportunity of the trial court to assess the credibility of the witnesses. *Hampton* v. *Arkansas Louisiana Gas Co.*, 282 Ark. 580, 669 S.W.2d 476 (1984); *Coleman* v. *MFA Mutual Insurance Co.*, 3 Ark. App. 7, 621 S.W.2d 872 (1981); Ark. R. Civ. P. 52(a). Agency is ordinarily a question of fact, *Evans* v. *White*, 284 Ark. 376, 682 S.W.2d 733 (1985), as is the question of whether an agent is acting within the scope of his actual or apparent authority. *Crail* v. *Northwestern National Insurance Co.*, 282 Ark. 175, 666 S.W.2d 706 (1984).

In the case at bar, there was evidence that Special and General shared the same office space, that Special and General communicated with one another through interoffice memos, and that General aided Special in the collection of past due accounts. Moreover, there is testimony that Adamson was unable to obtain the premium refund from Special, with which she had originally dealt, but instead was required to apply directly to General for a refund. There she was told that the refund would be applied to "her account", even though she was unaware that she had an account with General and had in fact understood that she could not deal directly with General, but instead was required to go through Special. This latter circumstance is consistent with the theory that Special had not acted as an independent contractor in the Barnett transaction, but instead in the capacity of an agent for General which lacked the authority to refund the return premium to Adamson. A person may be an

independent contractor in some respects, and a mere agent in other respects with regard to other work for the same party. *Arkansas Independent Oil Marketers Ass'n* v. *Monsanto Chemical Co.*, 225 Ark. 620, 284 S.W.2d 127 (1955). While a different result might obtain if it was necessary to find that Special was General's agent in all respects and for all purposes, with regard to the specific transactions presented in this case we cannot say that the trial court's finding is clearly against the preponderance of the evidence.

The second point for reversal urged by the appellants is that the trial court erred in dismissing Special's cross-complaint against Adamson. The cross-complaint arose out of a different transaction between Adamson and Special in which Adamson, through Special and General, obtained a liability and physical damage policy on behalf of Handyman, Inc. Handyman subsequently requested Adamson to procure an endorsement to the policy providing for unlimited radius coverage on Handyman's trucks. Adamson's request for the unlimited radius coverage proceeded, as before, through Special and General to the insurer. Whereas Adamson, as agent for the insured, normally received payment for a policy from the insured, withheld her commission, and forwarded a check to Special, Adamson testified that on this latter occasion Special's president, Larry Burchfield, informed her that the amount of the premium could not be determined at that time, and instructed her to wait until the endorsement came in before collecting any premiums.

The endorsement to Handyman's policy was in effect for the period of July 30, 1984 to November 17, 1984. There is evidence that the endorsement was prepared on August 29, 1984. Nevertheless, Adamson did not receive an invoice from Special for the endorsement until October 3, 1984, at which time Handyman refused to pay the outstanding premium. At no time between Adamson's initial dealing with Special concerning the Handyman policy and Adamson's receipt of the invoice on October 3, over two months later, did Special contact Adamson concerning the uncollected premium. Moreover, there was evidence that it would not have been possible to cancel Handyman's endorsement before the expiration of the policy period due to the need to comply with notice requirements set out by various regulatory agencies.

The appellants argue that the trial court erroneously dismissed Special's cross-complaint against Adamson, asserting that there was no evidence that Special's delay in sending the invoice to Adamson caused her loss. We do not reach this issue because the appellants have failed to cite any authority in support of their argument. An assignment of error not supported by convincing argument or authority will not be considered on appeal. *Harrison v. Benton State Bank*, 6 Ark. App. 355, 642 S.W. 2d 331 (1982). Under these facts and in the absence of cited authority, we do not find the appellants' argument to be so convincing as to merit consideration on appeal.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.