Jake HENRY and Barbara Henry *v.* GAINES-DERDEN
ENTERPRISES, INC.

93-130 863 S.W.2d 828

Supreme Court of Arkansas
Opinion delivered November 1, 1993

*Henry, Walden & Halsey*, for appellants.

*David Hodges*, for appellee.

JACK HOLT, JR., Chief Justice. In this appeal from orders entered by the Lawrence County Circuit Court, the appellants raise two points for reversal, challenging the trial court's setting aside of a default judgment in their favor and, in turn, granting summary judgment in favor of the appellee. The trial court was correct in setting aside the default judgment but, in light of proof of the existence of a genuine issue of material fact, erred in granting summary judgment.

The appellants, Jake Henry, an electrical contractor, and his wife, Barbara Henry, owed the appellee, Gaines-Derden Enterprises, Inc. (doing business as Davies Electric Supply Company), the amount of $27,346.73 on an unpaid account. Gaines-Derden filed suit against the Henrys on January 17, 1987. The lawsuit was dismissed on February 1, 1987, as a result of a settlement agreement between the parties. Gaines-Derden agreed to accept an initial payment of $10,000 and to accept a mortgage on the Henrys' property in the amount of $17,346.73. Monthly payments of $500 were to be made until the debt was paid in full.

Appellant Jake Henry made each payment on the indebtedness by check. Some of the checks were made payable to Davies Electric Supply, while others were in the name of the appellee's attorney, Josh McHughes, who endorsed all checks by stamp and deposited them in his account. On September 19, 1990, after payment of all the outstanding indebtedness, Troy Henry, the appellants' attorney, wrote to Mr. McHughes, requesting that he direct his client to sign a release deed, a copy of which was attached to the correspondence. Gaines-Derden failed to release the mortgage, and the Henrys' attorney sent additional letters to Mr. McHughes in November and December 1990, demanding a release and satisfaction of the record, and notifying the appellee's attorney that suit would be filed if no action were taken in the matter.

On January 16, 1991, the Henrys filed a complaint against Gaines-Derden, seeking damages pursuant to Ark. Code Ann. § 18-40-104 (1987), the statute requiring acknowledgment on the record of satisfaction for the amount due on any mortgage. Acknowledgment, under the statute, operates as release of the mortgage. Ark. Code Ann. § 18-40-104(b). The Henrys sought

$12,500 in damages, as well as costs and attorneys' fees.

At the time the initial lawsuit was filed, in 1987, the appellee's business operations were located in Searcy, where the Secretary of State's corporate file indicated the registered agent could be reached. In the meantime, however, Gaines-Derden Enterprises had moved its offices to North Little Rock.

Unaware of the change of address, the appellants attempted service on Gaines-Derden in Searcy. When that effort proved unsuccessful, the summons and complaint were sent by certified mail to the new business address in North Little Rock. A Gaines-Derden employee, Wayne Ellsberry, picked up the envelope at the post office and signed for it on January 23, 1991.

Meanwhile, on January 23, 1991, the appellee's attorney, Mr. McHughes, executed a purported release deed on behalf of Gaines-Derden and recorded it on January 29, 1991. On February 8, 1991, Terrance W. Kenyon, the controller of Davies Electric Supply Company, prepared a letter granting Mr. McHughes "Power of Attorney to represent Davies Electric Supply to sign the release of mortgage of Real Property that belongs to Jake and Barbara Henry."

Gaines-Derden filed no answer to the Henrys' complaint, and a default judgment was entered against the appellee on March 19, 1991. Subsequently, Gaines-Derden filed a motion to set aside the judgment, and testimony was taken at a hearing on August 26, 1991. The court set aside the default judgment, ruling that service of the summons and complaint was faulty because it was not accomplished through restricted delivery on an officer or registered agent of Gaines-Derden. We agree.

The appellee then answered the Henrys' complaint and moved for a partial summary judgment, asserting that the mortgagee was not notified individually of the request for satisfaction of the mortgage as required by Ark. Code Ann. § 18-40-104 (1987). In reply, the Henrys argued that the statutory requirement had been satisfied by their having sent the request for satisfaction of the mortgage to Mr. McHughes, the attorney representing Gaines-Derden in the original lawsuit. The trial court granted the partial summary judgment, dismissing the Henrys' complaint "with prejudice." We hold, in this regard, that

the trial court was in error.

## I. Default Judgment

In their first argument, the appellants contend that the trial court erred in setting aside their default judgment on the grounds that service of process was faulty. Under Ark. R. Civ. P. 55(c):

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

The standard by which we review the granting or denial of a motion to vacate a default judgment is whether the trial court abused its discretion. *B & F Engineering, Inc.* v. *Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Default judgments are not favorites of the law, and the revised Rule 55 reflects a preference for deciding cases on the merits rather than on technicalities. *Id.*

Two cases are controlling on this issue. In *Wilburn* v. *Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989), as in the present case, service of the summons and complaint was made by certified mail, and the "restricted delivery" box was not marked. The return receipt bore the signature of "L.D. Madden" as "Agent." We overturned the lower court's refusal to set aside a default judgment, observing that:

> There was no evidence that appellee had directed the summons and complaint to be mailed with restricted delivery. Nor was there any evidence that appellant had specifically authorized, in writing, that L.D. Madden was to be his agent to receive mail. Consequently, the default judgment was void *ab initio*, and the trial court erred in denying appellant's motion to set it aside.

298 Ark. at 463, 768 S.W.2d at 532.

In *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb,* 306 Ark. 216, 219, 812 S.W.2d 472, 474 (1991), we allowed a default judgment to stand where one R.L. Wright, who had signed a receipt for certified mail with a blank restricted delivery box, was "authorized to accept restricted mail on behalf of The Corporation Company" and "signed for and accepted the mail containing the complaint and summons, the same as he would have done had the 'Restricted Delivery' box been marked." A card specifically indicating the extent of Wright's authorization was on file with the post office.

In the present case, Charles Larry Gaines testified that Wayne Ellsberry, who picked up and signed for the certified mail from the appellants, was not listed in any file at either the post office or the Secretary of State's office as an agent for service of registered mail. Instead, Mr. Ellsberry was an office salesman who periodically collected mail from the post office.

 Service of summons upon a domestic corporation may be effected "by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons." Ark. R. Civ. P. 4(d)(5). Mr. Ellsberry had no express authority to receive restricted mail. The lower court did not err in setting aside the default judgment as void.

## II. Summary Judgment

Although couched in terms of a "partial" summary judgment on liability — a nonappealable order — the circuit court's ruling on the motion by Gaines-Derden was in substance an absolute summary judgment, as it disposed of the complaint in its entirety. The Henrys contend that the granting of summary judgment and the dismissal of the complaint was improper because two genuine issues of material fact remained in dispute: first, whether the appellee's attorney had actual or apparent authority to accept the request for acknowledgment of satisfaction; and secondly, whether the appellee had actual knowledge of the request more than sixty days prior to a valid release having been recorded.

Rule 56 of the Arkansas Rules of Civil Procedure governs

motions for summary judgment. Subsection (c) provides, in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ Summary judgment is an extreme remedy that is only proper when it is clear that there are no issues of fact to be litigated. *Bushong* v. *Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992). It is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cash* v. *Carter*, 312 Ark. 41, 847 S.W.2d 18 (1993).

■■ The burden of proving that there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed in a light most favorable to the party resisting the motion. Any doubt and all inferences must be resolved against the moving party. *Lively* v. *Libbey Memorial Physical Medical Center*, 311 Ark. 41, 841 S.W.2d 609 (1992). Once the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet proof with proof by showing a genuine issue of material fact. *Sanders* v. *Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992). On appeal, we determine the appropriateness of summary judgment on the basis of whether the evidentiary items presented in support of the motion left a material question of fact unanswered. *Thruston* v. *Little River County*, 310 Ark. 188, 832 S.W.2d 851 (1992).

The order granting "partial" summary judgment is a barebones document, offering no reason for the trial court's decision to grant the motion. Instead, it merely states that "after the Court reviewed the pleadings and *all other matters properly before the Court*, the Court grants the Motion for Partial Summary Judgment filed herein by the defendant and the Complaint of the plaintiffs against the defendant is dismissed with prejudice." (Emphasis added.)

Because of the lack of specifics in the circuit court's order, it must be assumed that the circuit court incorporated the contentions set forth in the motion by Gaines-Derden. The pertinent passages follow:

1. The defendant was not served individually with notice of the plaintiffs' request for an acknowledgment of satisfaction of a mortgage pursuant to Ark. Code Ann. § 18-40-104.

2. Notifying the mortgagee individually is a mandatory component of a request for acknowledgment of satisfaction of a mortgage. Ark. Code Ann. § 18-40-104. Without individual notice to the mortgagee, the mortgagor cannot establish a claim for damages for the mortgagee's failure to acknowledge.

3. That the defendant did not receive notice is undisputed based on the supporting affidavit hereto attached.

4. Requesting an acknowledgment from the mortgagee's attorney does not satisfy the notice requirement of Ark. Code Ann. § 18-40-104.

5. Because the defendant did not receive notice, the defendant is entitled to summary judgment as a matter of law.

A supporting affidavit, from Larry Gaines of Gaines-Derden Enterprises, Inc., stating that the appellee "did not receive a request from the plaintiffs for an acknowledgment of satisfaction of their mortgage," was attached to the motion.

The statutory section at issue, Ark. Code Ann. § 18-40-104 (1987), provides:

(a) If any mortgagee, or his executor, administrator, or assignee, shall receive full satisfaction for the amount due on any mortgage, then, at the request of the person making satisfaction, the mortgagee shall acknowledge satisfaction thereof on the margin of the record in which the margin is recorded.

(b) Acknowledgment of satisfaction, made as stated in subsection (a) of this section, shall have the effect to

release the mortgage, bar all actions brought thereon, and revest in the mortgagor or his legal representatives all title to the mortgaged property.

(c) If any person receiving satisfaction does not, within sixty (60) days after being requested, acknowledge satisfaction as stated in subsection (a) of this section, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, to be recovered by a civil action in any court of competent jurisdiction.

The crux of the motion for summary judgment was the allegation on the part of Gaines-Derden that it did not receive adequate notice. According to the appellee, § 10-40-104 requires individual notice to the mortgagee — in this instance, Gaines-Derden itself. The appellee directs our attention to a seventy-five-year-old case, *Reed* v. *Frauenthal*, 133 Ark. 544, 202 S.W. 700 (1918), for the principle that this section, being penal in nature, must be strictly construed. Yet *Reed* dealt with a rather different context; there, we invoked strict construction in declining to extend the application of the section to a sale with retention of a vendor's lien.

Another older case, *Barnett* v. *Bank of Malvern*, 176 Ark. 766, 770, 4 S.W.2d 17, 19 (1928), is cited by the appellee, for the following language:

We are, therefore, of the opinion that a demand to satisfy is sufficient which calls to the attention of the mortgagee the fact that the indebtedness secured by the mortgage has been paid, and requests, in consideration of that payment, that satisfaction of the mortgage be made.

The *Barnett* case involved a question of notice. This court held that an oral demand delivered to a cashier employed by the mortgagee-bank was as adequate under the terms of the statute as a written request. The *Barnett* opinion never questions the role of the attorney acting as agent for the mortgagee for purposes of endorsement of the court record. But we found a failure to comply with the statute when the attorney for the mortgagee bank noted the payment in full of an indebtedness on the margin of a chancellor's decree rather than the record. It was, therefore, the endorsement, not the endorser, that was out of compliance.

The rules of agency generally apply to the relationship of attorney and client. *McCullough* v. *Johnson*, 307 Ark. 9, 816 S.W.2d 886 (1991); *White & Black Rivers Bridge Co.* v. *Vaughan*, 183 Ark. 450, 36 S.W.2d 672 (1931). The acts of an attorney are to be regarded as the acts of the client. *Peterson* v. *Worthen Bank & Trust Co.*, 296 Ark. 201, 753 S.W.2d 278 (1988).

Whether or not an agent is acting within the scope of actual or apparent authority is a question of fact for the jury to determine. *Crail* v. *Northwestern National Insurance Co.*, 282 Ark. 175, 666 S.W.2d 706 (1984); *Rowland* v. *Gastroenterology Associates, P.A.*, 280 Ark. 278, 657 S.W.2d 536 (1983). The Arkansas Court of Appeals, in *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1982), dealt with whether the issue of the authority of an attorney to bind a client by his acts could be decided by summary judgment. The appellate court concluded that "the denial of that authority by appellants raised a disputed question of fact which was not appropriate for disposition on motion for summary judgment." *Id.*, 3 Ark. App. at 212, 626 S.W.2d at 204.

The authority of Josh McHughes as agent for Gaines-Derden was vigorously disputed in the pleadings. Mr. McHughes, the record reveals, was the attorney for Gaines-Derden in the 1987 lawsuit against the Henrys. He negotiated the settlement and received and filed the mortgage. All of the Henrys' monthly payment checks were mailed to Mr. McHughes, who endorsed and deposited them into his account, whether they were made payable to him or to Davies Electric Supply Company.

All three requests for acknowledgment of satisfaction were made to Mr. McHughes between September and December 1990, and the attorney executed a release deed in January 1991. Finally, the controller for Davies Electric Supply Company prepared a letter in February 1991 giving Mr. McHughes the power of attorney to represent Davies Electric Supply in the mortgage release.

Given the fact that, throughout the period during which monthly payments were made, the Henrys were dealing with Mr. McHughes, they had some cause to rely upon his ostensible authority to represent Gaines-Derden in subsequent

matters. As this court observed in *Mack v. Scott*, 230 Ark. 510, 514, 323 S.W.2d 929, 931-932 (1959):

> Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing; such authority as he appears to have by reason of the actual authority which he has; such authority as a reasonably prudent man, using diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. . . .

Mr. McHughes's role is well established in various written instruments that were specifically mentioned, attached to, and made a part of the pleadings filed in the action. Under Ark. R. Civ. P. 10(c):

> Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

Exhibits that formed a part of the claim the Henrys sued upon in the original action, such as the mortgage, letters, and release deed, sufficiently indicated the existence of a genuine issue of material fact concerning the status of Mr. McHughes.

Although Ark. R. Civ. P. 56(e) states that a party resisting a motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial," it is "otherwise provided" in subsection (c) that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," are to be examined in order to "show that there is no genuine issue as to any material fact."

Hence, the documents incorporated in the pleadings (which went beyond "mere allegations or denials") should have been examined and considered by the trial court as it entertained Gaines-Derden's motion for summary judgment. In doing so, the court should have noted the existence of a genuine issue of material fact to be determined at trial.

Under the circumstances, the granting of summary judgment by the trial court was improper.

Affirmed in part; reversed in part.