Artis DAVIS *v.* Lorell McKINLEY
and Ladell Brown

CA 08-785                                                289 S.W.3d 479

Court of Appeals of Arkansas
Opinion delivered December 3, 2008

*Phil Stratton*, for appellant.

*Henry & Henry*, by: *Robert W. Henry*, for appellee Ladell Brown.

JOHN MAUZY PITTMAN, Chief Judge. Appellant Artis Davis sought and was granted a declaratory judgment by default against appellee Lorell McKinley on February 16, 2006. The declaratory judgment upheld the validity of a deed filed September 26, 2003, by which appellee McKinley purported to transfer a one-quarter undivided interest in an eighty-acre tract to appellant. On October 25, 2006, appellee Ladell Brown filed a motion to vacate the declaratory judgment. The trial court granted the motion and vacated the judgment by an order entered April 10, 2008. Appellant argues on appeal that the trial court erred in vacating the judgment because appellee Brown had no standing to challenge the deed. We affirm.

Arkansas Code Annotated section 16-111-106(a) (Repl. 2006) provides that, when declaratory relief is sought, all persons shall be made parties who have or claim any interest that would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. Arkansas Code Annotated section 16-111-108 (Repl. 2006) states that the court may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

In the present case, appellant's declaratory judgment action was filed during the pendency of another lawsuit, to which Brown was a party, seeking partition and division of the eighty-acre tract, and in the context of which Brown had asserted that appellant's purported deed from McKinley was a forgery. The effect and,

apparently, the design of appellant in so doing was to obtain prior determination of the validity of the deed in a separate action to which Brown had not been made a party and of which Brown was not notified. Appellant seems to have believed that a declaratory judgment would foreclose Brown from asserting his forgery defense in the ongoing partition suit. This supposition is incorrect. Because section 16-111-106(a) expressly states that no declaratory judgment shall prejudice the rights of a person not a party to the proceeding, the declaratory judgment in this case would not bar Brown, who was not a party, from asserting in the partition action that the deed from McKinley was a forgery. Clearly, the uncertainty or controversy giving rise to the declaratory judgment action was the ongoing partition action, and, because Brown was not made a party, the declaratory judgment action could not terminate the controversy, and the trial judge could properly refuse to grant declaratory relief. *See* Ark. Code Ann. § 16-111-108.

Finally, we note that the Arkansas Supreme Court has for half a century denounced the sort of practice attempted by the appellant in this case:

> " 'We condemn the practice of a person after being charged with violating the law . . . then asking for a declaratory judgment in an independent cause, with the result that two cases involving the same subject matter are pending at the same time. If such a practice were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities. [*Updegraff v. Attorney General*, 298 Mich. 48, 998 N.W. 400, 401 (1941).]' In the New York case of *Wooddard v. Schaffer Stores Co.*, reported in 272 N.Y. 304, 5 N.E.2d 829, 832, 109 A.L.R. 1262, 1265, the Court said: 'When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction.' "

*City of Cabot v. Morgan*, 228 Ark. 1084, 1085-86, 312 S.W.2d 333, 334 (1958) (quoting *City of Johnson City v. Caplan*, 194 Tenn. 496, 253 S.W.2d 725, 726 (1952)).

■ ■ Declaratory judgment statutes are intended to supplement rather than supersede ordinary causes of action. Consequently, when another action between the same parties, in which all issues could be determined, is actually pending at the

time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction. *UHS of Arkansas, Inc. v. Charter Hospital of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988). Here, in light of appellant's clear attempt to supersede the pending partition action by obtaining a declaratory judgment, the trial court would have abused its discretion in granting the declaratory judgment had it been aware of all of the particulars of the ongoing lawsuit. Under these circumstances, we hold that the trial court did not abuse its discretion in vacating the default declaratory judgment. *See Henry v. Gaines-Derden Enterprises, Inc.*, 314 Ark. 542, 863 S.W.2d 828 (1993).

Affirmed.

HART and GRIFFEN, JJ., agree.