

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV–17–174

OPT, LLC

APPELLANT

V.

CITY OF SPRINGDALE, ARKANSAS,
AND DOUG SPROUSE, MAYOR

APPELLEES

**Opinion Delivered:** October 25, 2017

APPEAL FROM THE
WASHINGTON COUNTY
CIRCUIT COURT
[NO. 72CV-16-812]

HONORABLE CRISTI
BEAUMONT, JUDGE

REVERSED AND REMANDED

### RITA W. GRUBER, Chief Judge

OPT, LLC, appeals from the Washington County Circuit Court's dismissal of its complaint for lack of subject-matter jurisdiction. It argues that the circuit court failed to construe the complaint in the light most favorable to it and resolve all reasonable inferences in favor of the complaint. We hold that OPT, LLC, has pleaded sufficient facts to show that the Washington County Circuit Court has subject-matter jurisdiction over the complaint and, therefore, that the court abused its discretion in dismissing it.[1]

### I. *Complaint*

Appellee, the City of Springdale, enacted various ordinances dealing with the clean-up of real property within its city limits. Appellant, OPT, LLC, owns real property within

---

[1]In addition to allegations against appellee, City of Springdale, the complaint contained allegations against OPT, LLC's, former lessees, who operated a salvage yard on the property that is the subject of this dispute. These parties were dismissed by the court in an order granting OPT, LLC's, motion to nonsuit; this opinion does not address the allegations in the complaint pertaining to them.

the city limits that it and its predecessor had leased for use as a salvage yard for over thirty years. According to the complaint, this lease terminated in August 2012, and appellant immediately obtained a Phase I environmental site assessment of the property. The assessment found that the property was contaminated and recommended that a Phase II assessment be conducted to determine the extent of contamination.

In May 2013, appellee informed appellant that its property was the subject of numerous code violations; if appellant did not remedy the violations, appellee would clean the property and charge appellant for the cost of clean-up; and if the charges were not paid, appellee would assert a lien on the property for the clean-up costs. Appellant alleges that it had notified appellee that the property was subject to environmental contamination, and clean-up could not be effected until a determination was made regarding the extent of the contamination. Appellant alleges that, notwithstanding having been placed on notice of this, appellee entered the property on March 10, 2014, and using heavy equipment, disturbed the contaminated soil. Appellant alleges that appellee entered onto its property on several occasions after March 10, 2014, "under the purported authority of city ordinances regarding 'Unsanitary and Unsightly Conditions' (see Article IV, Sections 42–76 thru 42–81)."[2] The complaint alleges that appellee exceeded what was necessary to abate any sightliness issues. The complaint also states that appellant "should have an offset and/or claim against defendant City of Springdale for any damage caused by said City of Springdale for any environmental problems it may have caused by its actions."

---

[2]We will refer to these general ordinances of the City of Springdale as the Enabling Ordinances.

The complaint contends that many of the code violations appellant allegedly violated concerned "aesthetics or sightliness issues" and "have no objective standard by which they can be evaluated." Appellant claims in the complaint that the relevant code provisions were "void for vagueness and are unenforceable" and that any lien or claim against its property by appellee "would have no basis and be void." Appellant further alleges that "the court should find the code sections cited by [appellee] to be void for vagueness as the same do not contain objective criteria to determine a violation; that the Court should find that the expenses incurred by the City of Springdale on or about March 10, 2014, and subsequently were unnecessary and overly broad to cure the violations cited." The complaint alleges that appellee's actions after March 10, 2014, in coming onto appellant's property were unnecessary as appellant had continually kept the premises "mowed and in proper state," that appellee's actions were based on "vague and wholly subjective language in its ordinances and are void actions," and that the liens on the property to pay for these unnecessary actions constitute "a slander of [appellant's] title and damages its value."

Appellant also asserts that Ark. Code Ann. § 14-55-202 (Repl. 1998) requires a city to read all bylaws and ordinances of a general and permanent nature on three different days—or waive this rule with a two-thirds council vote—before passage. Appellant alleges that appellee routinely adopts ordinances in violation of this statute and that "the ordinances and code provisions used by the City of Springdale to come upon [appellant's] property under the auspices of a right to clean up offending property and assert liens therefore, were not properly passed and/or were passed in violation of Arkansas law." Appellant requests

that "any and all ordinances" found to have been passed in violation of this statute be "stricken from the municipal records of the City of Springdale."

Appellant prays in its complaint for an injunction against appellee directing it not to assess or enforce a lien against its real property unless and until the court takes testimony and proof regarding the issues raised. Appellant also prays for an injunction holding that the ordinances and code provisions "relied upon by the City of Springdale were passed in violation of Arkansas law and, therefore, were and are void and unenforceable."

In conclusion, the complaint requests the following of the circuit court:

> That the Court rule the ordinances and codes cited by the City are void for vagueness; that the Court rule that the ordinances, rules, regulations and codes cited by the City of Springdale in taking action against [appellant] were not enacted in accordance with Arkansas law and, as such, the same are void and unenforceable; that the Court rule that the expenses incurred by the City of Springdale on or about March 10, 2014, and subsequent thereto, are unnecessary and excessive and direct that [appellant] pay only those which are reasonable . . . .

## II. *Motion to Dismiss*

In its motion to dismiss the complaint, appellee alleged that all of appellant's claims and requested relief pertained to three clean-up lien ordinances—Ordinance Nos. 4795. passed on 5/27/14; 4822, passed on 8/26/14; and 5015, passed on 2/9/16 (collectively referred to herein as the "Lien Ordinances")—that were adopted to recover the unpaid expenses appellee spent to remove overgrown brush and debris from appellant's property. These ordinances were not specifically designated in the complaint. Appellee attached certified copies of the Lien Ordinances, which specifically identified appellant's property, stated that the owner had been given notice pursuant to Ark. Code Ann. § 14-54-903 to clean the property in accordance with sections 42-77 and 42-78 of the Springdale Code of

Ordinances, identified the amount of costs expended, and authorized the city council to assert a clean-up lien to collect the amounts expended by appellee.

Appellee argued in the motion to dismiss that, because appellant's claims and requested relief are a direct challenge to the Lien Ordinances, the action was governed by Ark. Code Ann. § 14-54-903(h), which provides as follows:

> (h)(1) The determination of the governing body confirming the amount of any clean-up lien or court lien and creating and imposing any clean-up lien or court lien under this section is subject to appeal by the property owner or by any lienholder of record in the circuit court, filed within forty-five (45) days after the determination is made. (2) If the owner or lienholder fails to appeal in this time, the lien amount is fully perfected and not subject to further contest or appeal.

Ark. Code Ann. § 14-54-903 (Supp. 2015). A clean-up lien is "a lien securing the cost of work undertaken by a town or city to remove, abate, or eliminate a condition in violation of local codes or ordinances." Ark. Code Ann. § 14-54-903(a)(1)(A).

Appellee argued in its motion that any challenge to the Lien Ordinances must have been filed within 45 days after the determinations had been made and that appellant's complaint, filed on April 21, 2016, was filed over 45 days after all the Lien Ordinances had been passed. Thus, appellee argued, appellant did not comply with subsection 903(h), the circuit court did not have subject-matter jurisdiction to entertain its challenges to the Lien Ordinances, and the complaint should be dismissed.

### III. *Circuit Court's Order*

The circuit court held a hearing on the motion and entered its order on November 9, 2016, granting appellee's motion and dismissing the complaint. It found that an appeal of a lien ordinance must be filed within 45 days from the date the ordinance is passed, appellant's complaint was filed after that time period, and thus the court did not have



subject–matter jurisdiction over the claims in the complaint. Appellant filed this appeal from the court's order.

## IV. *On Appeal*

In cases in which the appellant claims that the circuit court erred in granting a motion to dismiss, appellate courts review the circuit court's ruling using a de novo standard of review. *Holliman v. Johnson*, 2012 Ark. App. 354, at 4, 417 S.W.3d 222, 224. We treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Downing v. Lawrence Nursing Hall Ctr.*, 2010 Ark. 175, at 6, 369 S.W.3d 8, 13. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at 4, 372 S.W.3d 324, 329. Finally, our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Ark. Dep't of Envtl. Quality v. Oil Producers of Ark.*, 2009 Ark. 297, at 5, 318 S.W.3d 570, 573. As to issues of law presented, our review is de novo. *Sanford v. Walther*, 2015 Ark. 285, at 3, 467 S.W.3d 139, 142–43.

The answer to this case first requires us to determine what ordinances the complaint is challenging. The complaint never specifically identifies the Lien Ordinances, nor does it identify the Enabling Ordinances about which it is complaining, other than a general citation to "Unsanitary and Unsightly Conditions." A direct challenge to the Lien Ordinances would clearly be governed by Ark. Code Ann. § 14-54-903(h), which requires any "appeal" to circuit court by a property owner of the "determination of the governing body confirming the amount of any clean-up lien . . . and creating and imposing any clean-

up lien" to be "filed within forty-five (45) days after the determination is made." The three Lien Ordinances filed against appellant's property in this case were all filed more than 45 days before appellant filed its complaint. Thus, the statute bars a direct challenge to these ordinances.

Subsection 903(h) does not specifically apply, however, to the Enabling Ordinances. Therefore, to the extent that the complaint challenges these ordinances, the circuit court does have subject-matter jurisdiction. The complaint in this case includes allegations that appellee entered onto appellant's property on several occasions "under the purported authority of city ordinances regarding 'Unsanitary and Unsightly Conditions'" and that many of the code provisions appellant allegedly violated have no objective standard by which they can be evaluated. Appellant contends in the complaint that the relevant code provisions are "void for vagueness and are unenforceable" and, thus, that any lien or claim against its property by appellee "would have no basis and be void." Appellant also challenges the Enabling Ordinances as having been passed in violation of Ark. Code Ann. § 14-55-202. We express no opinion regarding the merits of any of these allegations, but resolving all reasonable inferences in favor of the complaint, we hold that they are sufficient to survive a motion to dismiss for lack of subject-matter jurisdiction. Accordingly, we conclude that the circuit court abused its discretion in dismissing the complaint.

Reversed and remanded.

HIXSON and MURPHY, JJ., agree.

*T. David Carruth*, for appellant.

*Ernest B. Cate*, City Attorney, for appellees.