2012 Ark. App. 354

**Farris E. HOLLIMAN, Sheila D. Holliman, Corlis D. Holliman, Altis C. Holliman, and Leon Holliman in his individual capacity and as Trustee of the Zoe Holliman Revocable Trust, Appellants**

**v.**

**Linda S. JOHNSON, in her individual capacity and as Successor Trustee of the Zoe Holliman Revocable Trust, James E. Johnson, Brent Johnson and Garry W. Holliman in his individual capacity as Trustee of the Zoe Holliman Revocable Trust, Appellees.**

**No. CA 11–1205.**

Court of Appeals of Arkansas.

May 23, 2012.

Susannah R. Streit, Donald P. Raney, Jonathan R. Streit, Lightle, Raney, Streit & Streit, LLP, Searcy, for Appellants.

Keith L. Grayson, Melanie L. Grayson, Grayson & Grayson, P.A., Heber Springs, for Appellees

LARRY D. VAUGHT, Chief Judge.

Appellants, Farris E. Holliman, Sheila D. Holliman, Corlis D. Holliman, Altis C. Holliman and Leon Holliman, in his individual capacity and as trustee of the Zoe Holliman revocable trust, appeal the Cleburne County Circuit Court's order granting the motion to dismiss of appellees Linda S. Johnson, in her individual capacity and as successor trustee of the Zoe Holliman revocable trust, James E. Johnson, Brent Johnson, and Garry W. Holliman, in his individual capacity and as trustee of the Zoe Holliman revocable trust, pursuant to Arkansas Rule of Civil Procedure 12(b)(4) and (5). Appellants argue that the trial court erred as a matter of law in finding that appellees preserved their Rule 12(b)(4) and (5) defenses by stating in their initial responsive pleading that appellants' complaint should be dismissed "pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure." We agree and reverse and remand.

The parties are siblings (along with their spouses and children) who disagreed on how to best care for their mother, Zoe Holliman, and her trust. However, the pertinent procedural facts are not in dispute. On July 21, 2010, appellants filed a complaint against appellees praying that the Zoe Holliman revocable trust be set aside because it was procured through undue influence and that the trustor, Zoe Holliman, lacked the requisite capacity to make it. This complaint was voluntarily dismissed on November 9, 2010.

On December 6, 2010, appellants filed a second complaint and lis pendens, realleging many of the claims made in the July 21 complaint. A summons was not issued for this complaint. On or about December 8, 2010, counsel for appellees agreed via telephone to accept service of the complaint and lis pendens, and appellants' counsel mailed a copy of both pleadings to appellees' counsel. Thereafter, on December 17, 2010, appellees filed an answer to the complaint. In paragraph fifty of the answer, they affirmatively pled that appellants' complaint failed to state facts upon which relief could be granted under Arkansas law and requested dismissal of the complaint. Paragraph fifty-one of the answer stated: "[Appellees plead] affirmatively this Complaint should be dismissed pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure."

On April 7, 2011, appellees filed a motion to dismiss appellants' complaint, alleging insufficiency of process pursuant to Arkansas Rule of Civil Procedure 12(b)(4) because they failed to have a summons issued[1] and served within 120 days of filing their lawsuit as required by Arkansas Rule of Civil Procedure 4(i) (2011).[2] Appellees

---

1. Upon the filing of the complaint, a summons must be issued by the clerk. Ark. R. Civ. P. 4(a) (2011). The summons and a copy of the complaint must be served together. Ark. R. Civ. P. 4(d) (2011).

2. Rule 4(i) states that an action shall be dismissed if service of the summons is not made within 120 days after the filing of the complaint and a motion to extend is not timely made. Ark. R. Civ. P. 4(i). In the case at

argued that this second dismissal operated as an adjudication on the merits and that appellants' complaint should be dismissed with prejudice. *Bakker v. Ralston*, 326 Ark. 575, 579, 932 S.W.2d 325, 327 (1996) (citing Ark. R. Civ. P. 41(b)).

Appellants filed a motion to strike appellees' motion to dismiss, alleging that appellees waived the defense of insufficiency of process, found in Rule 12(b)(4), because their answer did not specifically raise or preserve it. Appellants contended that merely stating in appellees' answer that the complaint should be dismissed pursuant to Rule 12(b) was inadequate to preserve the specific defense. Appellees countered by arguing that their answer preserved all of the defenses available to them under Rule 12(b), including, but not limited to, insufficiency of process.

On June 22, 2011, the trial court, based on the pleadings filed by the parties, entered a letter opinion finding:

. . .

2. [Appellants] voluntarily non-suited a previous action on November 5, 2010 and refiled this action on December 6, 2010. No summons was ever issued in this action. [Appellees'] attorney accepted service of the complaint and lis pendens on behalf of her clients.

3. [Appellees] filed a timely response and in paragraph number 51 of that response, stated, "[appellees] pled affirmatively this Complaint be dismissed pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure."

4. On April 6, 2011, 120 days had transpired with no issuance of a summons. [Appellees] then filed a motion to dismiss, on the basis no summons had ever been issued. [Appellees] contend that paragraph [51] of their answer was sufficient to put [appellants] on notice that [appellees] were asserting all of the applicable defenses contained in ARCP 12(b).

5. While there are no Arkansas cases directly on point, I am persuaded that [appellees'] paragraph 51 of their answer was sufficient to preserve all of the defenses contained in ARCP 12(b), including those applicable here, 12(b)(4) and 12(b)(5).[3] Accordingly, I am going to grant [appellees'] motion to dismiss. This dismissal will be with prejudice. . . .

An order reiterating the trial court's findings was entered on August 18, 2011. It is from this order that appellants bring their appeal. They argue that the trial court erred in finding that as a matter of law appellees preserved the defenses found in Rules 12(b)(4) and 12(b)(5) by generally pleading that appellants' "Complaint should be dismissed pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure."

■ In cases where the appellant claims that the trial court erred in granting a motion to dismiss, appellate courts review the trial court's ruling using a de novo standard of review. *White–Phillips v. Ark. Children's Hosp.*, 2011 Ark. App. 699, at 2, 2011 WL 5562807 (citing *Floyd v. Koenig*, 101 Ark.App. 230, 274 S.W.3d 339 (2008)). In this case, the issue presented involves the correct interpretation of an Arkansas court rule, which is a question of law that the appellate court reviews de novo. *Solis v. State*, 371 Ark. 590, 595, 269 S.W.3d 352, 356 (2007). On this point, our supreme court has said:

bar, the appellants' deadline for serving the summons was April 6, 2011.

**3.** While appellees argued only that the Rule 12(b)(4) insufficient-process defense was preserved and supported dismissal of appellants'

complaint, the trial court found that both the Rule 12(b)(4) and 12(b)(5) (insufficient service of process) defenses were preserved and supported dismissal.

We construe rules using the same means, including canons of construction, that are used to interpret statutes. The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction.

*Solis*, 371 Ark. at 595, 269 S.W.3d at 356. Our court is not bound by the trial court's interpretation of a statute or court rule, but "in the absence of a showing that the trial court erred in its interpretation ... that interpretation will be accepted as correct on appeal." *White–Phillips*, 2011 Ark. App. 699, at 2, 2011 WL 5562807.

▉ Appellants argue that the trial court erred in finding that appellees preserved the defenses of insufficient process and insufficient service of process when they did not specifically assert those defenses in their answer. Appellants further contend that appellees' generic request that the complaint be dismissed pursuant to Rule 12(b) is not sufficient. Appellants point out that there are eight different defenses listed in Rule 12(b) and argue that they are separate and distinct legal defenses that must be specifically pled in order to be preserved. They further contend that in all of the cases where the Rule 12(b) defenses have been preserved, sufficient to support the dismissal of a complaint, the 12(b) defenses were specifically pled. Appellants' arguments have merit.

First, we note that our rules of civil procedure require specificity in pleadings. Arkansas Rule of Civil Procedure 8(b) provides that a party shall state in ordinary and concise language his defenses to each claim asserted. Ark. R. Civ. P. 8(b) (2011).

Rule 8(c) provides that matters constituting an avoidance or affirmative defense be specifically pled. Ark. R. Civ. P. 8(c) (2011). The purpose of the requirement of Rule 8(c) that a party state in ordinary and concise language his affirmative defenses to each claim for relief against him is to give fair notice of what the claim is and the ground on which it is based so that each party may know what issues are to be tried and be in a position to enter the trial with his proof in readiness. *Odaware v. Robertson Aerial–AG, Inc.*, 13 Ark.App. 285, 289, 683 S.W.2d 624, 626 (1985).

Moreover, a reading of the plain language of Rule 12 evidences the requirement to specifically plead the 12(b) defenses. For instance, Rule 12(b) provides:

*Every defense* ... to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state facts upon which relief can be granted, (7) failure to join a party under Rule 19, (8) pendency of another action between the same parties arising out of the same transaction or occurrence.

Ark. R. Civ. P. 12(b) (2011) (emphasis added). The phrase "every defense" does not support appellees' position that generally pleading the Rule 12(b) defenses will preserve them all. Additionally, the fact that the rule numbers and lists each of the defenses that may be made by motion, treating them differently than other affirmative defenses,[4] runs counter to appellees' position that generally pleading Rule

---

4. *Compare* Ark. R. Civ. P. 8 and 12.

12(b) is sufficient to raise and preserve each of the eight Rule 12(b) defenses.

Likewise, the language found in Rule 12(h) establishes the individualistic nature of the Rule 12(b) defenses, further supporting our conclusion that specificity is required when pleading them. Rule 12(h) provides:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or pendency of another action between the same parties arising out of the same transaction or occurrence is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in the original responsive pleading. Objection to venue may be made, however, if the action is dismissed or discontinued as to a defendant upon whose presence venue depends.

(2) A defense of failure to state facts upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. The defense of lack of jurisdiction over the subject matter is never waived and may be raised at any time.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Upon a determination that venue is improper, the court shall dismiss the action or direct that it be transferred to a county where venue would be proper, with the plaintiff having an election if the action could be maintained in more than one county.

Ark. R. Civ. P. 12(h)(1)–(3). Rule 12(h)(1)–(3) treats the individual Rule 12(b) defenses differently. For instance, subsection (1) establishes that five of the 12(b) defenses—lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and pendency of another action between the same parties arising out of the same transaction or occurrence—are waived if omitted from the original responsive pleading. Ark. R. Civ. P. 12(h)(1). Subsection (2) cites to two other 12(b) defenses and offers means, different than those set forth in subsection (1), for pleading them. Subsection (3) addresses two 12(b) defenses and the particular rules that apply to them. Ark. R. Civ. P. 12(h)(3). Thus, the plain and unambiguous language of Rule 12 demonstrates the separate and distinct nature of the Rule 12(b) defenses. They may be pled differently than other affirmative defenses, and they are treated differently from each other. Thus, permitting appellees to preserve all of the 12(b) defenses without having specifically pled them in their responsive pleading would render Rule 12(h) entirely meaningless.

We also note that appellees cite no language in Rule 12 that expressly states that each individual Rule 12(b) defense can be preserved by generally requesting dismissal pursuant to Rule 12(b). There is no such language. Instead, appellees argue that they should be permitted to seek dismissal by generally pleading Rule 12(b) in order to "cover all separate defenses and eliminate the accidental waiver of a consolidated defense as contemplated in Rules 12(g) and (h) of the Arkansas Rules of Civil Procedure." This argument is not well developed and not supported by citations to authority. We do not consider arguments without convincing argument or citations to authority. *Seth v. St. Edward*

*Mercy Med. Ctr.*, 375 Ark. 413, 420, 291 S.W.3d 179, 185 (2009).

Moreover, appellees have not cited one case where a defendant's general request for dismissal pursuant to Rule 12(b) was sufficient to preserve specific 12(b) defenses. On the contrary, Arkansas case law supports the position that the Rule 12(b) defenses require specificity when pleading. For instance, where the defendant specifically pled insufficient process or service of process in the responsive pleading, the defense was preserved and dismissal of the plaintiff's complaint was affirmed. *Shotzman v. Berumen*, 363 Ark. 215, 229, 213 S.W.3d 13, 20 (2005); *Wallace v. Hale*, 341 Ark. 898, 900, 20 S.W.3d 392, 394 (2000); *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 140–41, 865 S.W.2d 643, 645–46 (1993).

In contrast, where a party had knowledge of a pending action and did not raise the specific Rule 12(b) defenses in the responsive pleading, the defenses were waived. *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 164, 226 S.W.3d 757, 764 (2006) (Defendant asserted a statute-of-limitations defense but failed to raise the defense of insufficient service of process in its responsive pleading.); *Gailey v. Allstate Ins. Co.*, 362 Ark. 568, 575, 210 S.W.3d 40, 44 (2005) (holding that the defendant waived its improper-venue defense where its responsive pleading—which asserted the defenses of failure to state facts to state a claim and failure to join a necessary party—did not assert the defense of improper venue); *S. Transit Co., Inc. v. Collums*, 333 Ark. 170, 176, 966 S.W.2d 906, 908 (1998) (holding that the defense of insufficient process was waived because it was not raised by the defendant in its answer but later in its response to the plaintiff's request for default judgment).

In the case at bar, the only 12(b) defense appellees specifically pled in their initial responsive pleading was the defense of failure to state facts upon which relief can be granted, but that is not the defense the trial court relied on to dismiss appellants' complaint. The 12(b) defenses upon which the trial court granted appellees' motion to dismiss were insufficient process and insufficient service of process. Appellees never specifically pled either of these defenses. Thus, under Rule 12(h)(1), appellees waived these defenses. While appellees' answer generally requested dismissal of appellants' complaint pursuant to Rule 12(b), appellees have failed to provide convincing argument and authority to persuade us that such a practice preserves the right to later assert the specific Rule 12(b)(4) and (5) defenses. Based on our reading of the plain and unambiguous language of Rule 12 and the case law cited herein, we hold that generally pleading dismissal pursuant to Rule 12(b), without further specificity, fails to preserve the Rule 12(b) defenses. Accordingly, we hold that the trial court erred in its interpretation of Rule 12 and that the trial court's order dismissing appellants' complaint should be reversed.

Reversed and remanded.

MARTIN and BROWN, JJ., agree.