SLIP OPINION

Cite as 2016 Ark. 166

# SUPREME COURT OF ARKANSAS

No. CV-15-809

|  |  |
|---|---|
| WENDY JONES AND LYNN GANGEMELLA<br><br>APPELLANTS<br><br>V.<br><br>TED DOUGLAS AND JOHN PAUL MORRISON, INDIVIDUALLY AND D/B/A POLYMERS, INC.<br><br>APPELLEES | Opinion Delivered April 14, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV-2008-704-II]<br><br>HONORABLE VICKI SHAW COOK, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART; COURT OF APPEALS' OPINION VACATED. |

**ROBIN F. WYNNE, Associate Justice**

Appellants Wendy Jones and Lynn Gangemella filed a law suit against appellees Ted Douglas and John Paul Morrison, Individually and d/b/a Polymers, Inc., in the Garland County Circuit Court on June 3, 2008. Appellants obtained a default judgment, which the circuit court later set aside due to a defective summons and resulting lack of personal jurisdiction over the appellee-defendants, and appellants' complaint was ultimately dismissed with prejudice. We accepted this appeal after both sides petitioned for review of the court of appeals' decision. *Jones v. Douglas*, 2015 Ark. App. 488, 470 S.W.3d 302. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *Bohannon v. Robinson*, 2014 Ark. 458, at 4, 447 S.W.3d 585, 587. On appeal, appellants argue that the circuit court erred (1) in setting aside the default judgment and (2) in dismissing their complaint with prejudice. We affirm the circuit court's ruling setting

aside the default judgment, and we reverse the dismissal with prejudice and remand for entry of an order consistent with this opinion, because on this record, appellants are entitled to the benefit of the savings statute, codified at Arkansas Code Annotated section 16-56-126 (Repl. 2005).

## I. *Background*

Appellants filed a complaint for breach of contract, non-disclosure, rescission, damages, and negligence against appellees on June 3, 2008.[1] Appellants purchased a house located at 200 Bafanridge in Hot Springs, Arkansas, for the sum of $345,900. Appellees Ted Douglas and John Paul Morrison were the sellers of the real property. Appellants took out a second mortgage on the property with Polymers, Inc.,[2] in the amount of $13,000; appellants signed an installment promissory note in that amount on December 5, 2005. In their complaint, appellants alleged that appellees had failed to disclose and had covered up certain problems with the property, including construction not being up to code and major water–intrusion issues.

Appellants attempted to serve appellees with a copy of the complaint and summons by certified mail at their address in Costa Rica pursuant to Ark. R. Civ. P. 4(d)(8)(A) (2008). On August 14, 2008, appellants' attorney, Jonathan D. Jones, filed three affidavits—one for Douglas and Morrison "individually and d/b/a Polymers, Inc." and one for Polymers,

---

[1] Also named as a separate defendant was Robert Bedford, Individually and d/b/a Robert Bedford Home Inspection Service. Bedford filed an answer to the complaint, but he was dismissed from the case upon appellants' motion in October 2008 and is not a party to this appeal.

[2] Polymers, Inc., was an Arkansas corporation which, according to the complaint, has been revoked and whose registered agent was John-Paul Morrison.

Inc.—stating that a certified letter containing copies of the summons and complaint had been mailed but had been returned to Jones's office on August 8, 2008. It was mailed to APDO #23, Catie, Turrialba, Costa Rica, 7170, and Jones stated that he was unable to read the language as to why it was returned; therefore, he was going to run a "Warning Order" in the Sentinel Record.[3] On August 22, 2008, Jones filed three amended proof-of-service affidavits stating that the letters had been returned to his office on August 8, 2008, marked "refused."

On September 5, 2008, appellants filed a motion for default judgment. Appellants stated that after the attempted service had been returned marked "refused," they again mailed the papers to appellees on August 21, 2008, by certified mail, restricted delivery, return receipt requested, pursuant to Rule 4(8)(A)(ii), stating that despite said refusal, the case would proceed and that judgment by default might be rendered against them unless they appeared to defend the suit; to that date, appellees had not responded to the complaint. On September 9, 2008, the circuit court entered an order of default judgment in which it awarded judgement against separate appellees for damages for the full contract price of $345,900; for interest at the maximum rate allowed by law per annum until paid in full; and for attorney's fees and costs in the sum of $3,000. In addition, the second mortgage was held void and the amount of judgment was set off and reduced by the amount of the second mortgage. Appellees were directed to prepare a schedule of property and claimed exemptions. Garnishment proceedings followed.

---

[3] It is undisputed that no warning order was ever issued.

On July 10, 2014, appellees filed a motion to set aside the default judgment on the grounds that each summons was defective on its face in that it incorrectly stated that appellees had twenty days, rather than the thirty days allowed for out-of-state residents, to answer the complaint; therefore, appellees argued that the circuit court never acquired personal jurisdiction over them, and the default judgment was void ab initio. On the same day, appellees filed a motion to quash writs of garnishment issued by the Garland County Circuit Clerk on June 23, 2014. Appellants responded to the motion to set aside by arguing that appellees were residents of Arkansas and were properly served pursuant to Rule 4(8)(i); alternatively, appellants argued that any error in the response time was harmless because appellees suffered no prejudice and had manifested their assent to the judgment; furthermore, they argued that setting it aside would prejudice them and be contrary to the policy behind default judgments. Appellees filed a reply brief. The circuit court issued a letter opinion in which it found as follows:

> These Defendants were served with summons and complaint in 2008. They have alleged that they were non-residents of the State of Arkansas at that time. Although the Plaintiffs have denied this and averred that the Defendants did reside in Arkansas then, the Court finds that in Paragraph 2 of their complaint filed on June 3, 2008, the Plaintiffs stated that these Defendants resided in the nation of Costa Rica. Rule 4, Ark. R. Civ. P., as it read at the time, stated that Arkansas residents were to be given 20 days after service to answer a complaint, and non-residents were to be given 30 days. The rule also required that the summons specifically state "the time within which these rules require the defendant to appear." *Id.*, paragraph (b). The summons served in this case stated that the answer must be filed within 20 days, and it should have said 30 days, since the Court finds these Defendants were, in fact, not residents of Arkansas at the time.
>
> The summons was clearly in error, and the Arkansas Supreme Court has said that this type of error in a summons is a fatal error, and unless a summons that meets all the requirements of Rule 4 is served on the Defendants, the Court fails to obtain jurisdiction over the cause. *Vinson v. Ritter*, 86 Ark. App. 207, 167 S.W.3d 162

(2004); *Smith v. Sidney Moncrief Pontiac, Buick GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). Service of a proper summons must be perfected within 120 days after the complaint is filed, or the Court fails to obtain jurisdiction. Rule 4(i); *Smith, supra*, at 710. This requirement was not met here. Therefore, the original default judgment is void and must be set aside. It follows that the writs of garnishment and all other process are also void and must be set aside.

The court entered an order granting the motion to set aside the default judgment and setting aside all actions taken in the case; the letter opinion was attached to the order and incorporated therein. Appellants filed a notice of appeal on September 18, 2014. On October 9, 2014, appellees filed a motion to dismiss the case with prejudice, arguing that service was never completed and that the savings statute did not apply. Appellants responded in opposition, and the court entered an order granting the motion to dismiss with prejudice, along with a Rule 54(b) certificate, on November 18, 2014. Appellants filed an amended notice of appeal, including in its designation the November 18 order.

II. *Setting Aside the Default Judgment/Rule 4*

Appellants first argue that the circuit court erred in setting aside the default judgment on the grounds that the summons stated that the defendants had twenty days to respond, rather than the thirty days afforded to out-of-state residents under Rule 12(a)(1) (2008). This court reviews a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. *State v. West*, 2014 Ark. 174, at 4 (citing *Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983)). Appellants contend that appellees never changed their residence to Costa Rica,[4] citing the facts that appellees maintained businesses, assets, financial

---

[4] To the extent that appellants' arguments focus on "domicile" or "citizenship," they are misplaced, as Ark. R. Civ. P. 12 speaks in terms of where a defendant is "residing." *See*

accounts, and personal interests in Arkansas, and ultimately moved back to Arkansas in 2012. Essentially, appellants argue that despite appellees' absence from Arkansas for six years, they always maintained their residence here and intended to return. To the extent that appellants argue that the circuit court clearly erred in finding that appellees were non-residents at the time of service, we disagree. Appellants themselves stated in their complaint that appellees were "residents" of Turrialba, Costa Rica. The record reveals that appellees sold their home in Arkansas and purchased property in Costa Rica; that they lived in Costa Rica from 2006 until 2012; and that they acquired permanent-residency status from the Costa Rican government. There is no requirement that people sever all ties with Arkansas in order to become residents of another jurisdiction. On this record, we hold that the circuit court did not clearly err in its residency finding.

Because the circuit court did not clearly err in finding that appellees were not residents of Arkansas at the time appellants attempted service on them, appellees had thirty days from the date of service to file an answer or otherwise respond to the complaint. *See* Ark. R. Civ. P. 12(a)(1) (2008). The summonses in the present case incorrectly stated that appellees had twenty days to respond. This court has written:

> Our case law is well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). This court has held that the same reasoning applies to service requirements imposed by court rules. *Id.* More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements must be exact. *Id.* Actual knowledge of a proceeding does not validate defective process. *Carruth v. Design Interiors, Inc.*, 324

---

Ark. R. Civ. P. 12(a)(1)(A) ("[A] defendant not residing in this state shall file an answer within 30 days after service.").

Ark. 373, 921 S.W.2d 944 (1996). The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, *supra*; *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 226 S.W.3d 757 (2006).

*Trusclair v. McGowan Working Partners*, 2009 Ark. 203, at 3–4, 306 S.W.3d 428, 430. Recently, in *Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2015 Ark. 175, 460 S.W.3d 795, this court reaffirmed the strict compliance standard and held that because Harvest's summons contained an incorrect response time, which was not applicable to the defendant in that particular case, it failed to meet the requirements of Rule 4(b) and Rule 12(a) by incorporation; accordingly, this court reversed the grant of a default judgment. Here, similarly, the summonses failed to strictly comply with the requirements of Rule 4(b), and the circuit court properly granted the motion to set aside the default judgment.

Finally, appellants argue that appellees are estopped from seeking relief from the default judgment because they "manifested their intent to treat the judgment as valid." Appellees failed to obtain a ruling from the trial court on this issue, and we therefore do not address it. *See Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, at 11, 422 S.W.3d 116, 122 (stating that the failure to obtain a ruling on an argument precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal). The circuit court's order setting aside the default judgment is affirmed.

### III.  *Dismissal with Prejudice/Savings Statute*

Next, appellants argue that even if the circuit court did not err in setting aside the default judgment, it erred when it entered the dismissal with prejudice. Our savings statute, Arkansas Code Annotated section 16-56-126 (Repl. 2005), provides in part:

SLIP OPINION

> (a)(1) If any action is commenced within the time respectively prescribed in this act, in §§ 16-116-101 − 16-116-107, in §§ 16-114-201 − 16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

The savings statute reflects the General Assembly's "intent to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect." *Rettig v. Ballard*, 2009 Ark. 629, at 3-4, 362 S.W.3d 260, 262 (citing *Linder v. Howard*, 296 Ark. 414, 757 S.W.2d 549 (1988)). The case of *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260, is instructive. In that case, the summonses were defective in that they indicated that the defendant had twenty days to respond, rather than the correct thirty days; this court held that the plaintiff was entitled to the benefit of the savings statute because the complaint was timely filed and the complaint and summons, though defective, were timely served. This court quoted with approval the statement in *Arkansas Civil Practice and Procedure* that the savings statute applies if "a timely, completed attempt at service is made but later held to be invalid." David Newbern, John Watkins & D.P. Marshall Jr., *Arkansas Civil Prac. & Proc.* § 5:10 (5th ed. 2011).

Here, the circuit court found that the savings statute did not apply because service of process was not completed. For service outside Arkansas, Rule 4(e) (2008) provides that service may be made "when reasonably calculated to give actual notice" by mail as provided in Rule 4(d)(8). According to Arkansas Code Annotated section 16-58-132, where service of summons, process, or notice is provided by registered or certified mail, and the addressee "refuses to accept delivery, and it is so stated in the return receipt of the United States Postal

Service, the written return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice."

Here, the summonses and complaints were mailed to appellees by registered mail at their last known address in Costa Rica, return receipt requested. Appellants assert that when the summonses and complaints were "refused," service was then and there "completed" as provided for by Arkansas Code Annotated section 16-58-132 and the Arkansas Rules of Civil Procedure. Arkansas Rule of Civil Procedure 4(d)(8)(A)(i) (2008) provides in pertinent part: "Service of a summons and complaint upon a defendant . . . may be made . . . by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." When the envelopes containing the complaints and summonses were returned to appellants' attorney, each envelope was marked with a Costa Rican postal service stamp that contained several options for delivery; each envelope was marked "refused." Rule 4 provides that upon notice of refusal, the plaintiff must promptly send the papers by first class mail, which appellants' attorney represented to have done. The circuit court relied on affidavits from appellees Douglas and Morrison that they did not refuse mailed service or authorize anyone else to refuse it for them; however, those same affidavits state that they did not personally check their post-office box in Costa Rica and instead sent their farm manager to do so. Thus, while the farm manager may not have been "authorized in accordance with U.S. Postal Service Regulations" under Rule 4(d)(8)(A)(i), we need not decide whether this was adequate to prove service via refusal. We hold that appellants made a timely, completed *attempt* to serve appellees and should be afforded the benefit of the savings statute. The

SLIP OPINION

dismissal "with prejudice" is reversed, and the case is remanded for entry of an order consistent with this opinion.

Affirmed in part; reversed and remanded in part; court of appeals' opinion vacated.

*Jonathan D. Jones*, for appellants.

*Ludwig Law Firm, PLC*, by: *Ryan K. Culpepper*; and *The Cruz Law Firm, PLC*, by: *Kathy A. Cruz*, for appellees.