Cite as 2021 Ark. App. 284

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-20-458

| | |
|---|---|
| BEN M. BRANSON AND JOSEPH ALAN BRANSON<br><br>APPELLANTS<br><br>V.<br><br>R. LEE HIERS<br><br>APPELLEE | **Opinion Delivered** June 2, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-18-959]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART |

### N. MARK KLAPPENBACH, Judge

Appellants, brothers Ben M. Branson (Ben) and Joseph Alan Branson (Alan), failed to answer a complaint in a timely fashion, and the circuit court granted a default judgment against them in favor of appellee, R. Lee Hiers (Lee). The Branson brothers filed a motion to set aside the default judgment asserting that (1) Lee did not provide good cause to grant the extension of time to have them served; and (2) even if the extension had been valid, neither brother was properly served. The circuit court denied the motion to set aside the default judgment, and this appeal followed. We affirm in part and reverse in part.

Lee filed a lawsuit against Ben and Alan on June 19, 2018, seeking to recover a substantial amount of money and to have an accounting regarding a used-book business. The brothers were aware of the lawsuit; their attorney had engaged in settlement

negotiations that were not successful. Their attorney would not, however, accept service on their behalf.

Lee had 120 days in which to serve the brothers. On October 16, shortly before the expiration of the 120-day period, Lee filed a motion seeking an extension of time of sixty additional days (until December 13) to serve the lawsuit on the brothers. Lee's motion recited the failed settlement negotiations and the opposing attorney's recent statement refusing to accept service on behalf of the brothers. The motion recited that it was being requested "in an effort to extend the time to serve the Defendants or settle this matter and, in an effort of judicial economy." On October 17, the circuit court found that "good cause" had been shown and granted the request for an extension. On October 24, the circuit court clerk issued summonses to Alan Branson, 149 Clinton Cross Road, Gillham, Arkansas, 71841; and to Ben M. Branson, 473 Clinton Cross Road, Gillham, Arkansas, 71841.

On November 19, a process server (Dana Gentry) purported to serve both Alan and Ben. For Ben, Dana filled out the "Proof of Service" form by checking the box at the top stating that "I personally delivered the summons and complaint at 473 Clinton Crossing, Gillham, AR 71841 on 11/19/18[.]" For Alan, Dana filled out the "Proof of Service" form by checking the "Other [specify]" box, writing in that she "served Ben Branson, co-defendant + brother of Alan Branson @ 473 Clinton Crossing, Gillham, AR 71841, accepted service for Alan."[1]

---

[1]The inconsistency between the use of "Clinton Cross Road" and "Clinton Crossing" is not raised as a material issue of fact.

In February 2019, Lee filed a motion for default judgment because the brothers had not answered his complaint, and the motion was granted by the circuit court. In May, the brothers filed a motion to set aside the default judgment asserting that (1) Lee had not attempted to serve them before the expiration of the initial 120 days from the lawsuit's filing and, therefore, had no "good cause" for the requested extension; and (2) even with extended time, neither brother had been properly served because Ben himself was never actually served, and even so, Ben could not validly accept service on behalf of Alan. Ben filed an affidavit stating that he knew about the lawsuit but had never met the process server and was not served at his house in November 2018. Lee resisted the brothers' motion, appending correspondence between their attorneys dated from July to mid-October 2018 discussing the lawsuit and the brothers' attorney's ultimate refusal to accept service for them. Lee also appended an affidavit of service provided by the process server, who averred that she had researched both brothers on social media so that she could identify them; she made three attempts at each address to serve them but no one would come to the door; on the fourth trip to 473 Clinton Crossing Road, a white male who identified himself as Ben Branson came to the door, confirmed that he was Alan's brother, and confirmed that he would accept service for both himself and Alan; and she left both sets of lawsuit papers with Ben.

In February 2020, the circuit court conducted a hearing on the brothers' motion to set aside the default judgment. Ben testified consistently with his affidavit and added that he was never given authority to accept service on behalf of Alan. After both attorneys made their arguments, the circuit court stated that the extension was proper, that Alan "has not been served," and that it would make a decision on whether Ben had been served properly.

After taking the matter under advisement, the circuit court entered an order in April 2020 denying the motion to set aside the default judgment, finding that "proof of service complies with the Rules of Civil Procedure and the Defendants failed to meet their burden of proof to set aside said Default Judgment." This appeal followed.

The standard of review for an order denying a motion to set aside default judgment depends on the grounds upon which the appellant claims the default judgment should be set aside. *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When the appellant claims that the default judgment is void, our review is de novo, and we give no deference to the circuit court's ruling. *Id*. In all other cases, we review an order denying a motion to set aside default for abuse of discretion. *Id*.

Alan and Ben first argue that the extension of time to serve them was improperly granted because Lee did not provide "good cause" to grant the extension. As relevant here, Arkansas Rule of Civil Procedure 4(i)(2) provides that an extension of time for service of process may be granted by a circuit court upon a "showing of good cause." They assert that Lee should have had the summonses issued immediately and made some effort to serve them in the 120 days instead of waiting until it was about to expire to seek the extension. Alan and Benn assert that absent an earlier effort, "good cause" was lacking to justify an extension. We disagree.

If a motion for an extension offers no cause, let alone good cause, then the extension cannot be granted. *See Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004). If an attorney commits constructive fraud on the court by misrepresenting the facts underlying good cause on which the trial court relies in granting an extension, then this is sufficient ground to

4

vitiate a judgment. *Wilkins v. Food Plus, Inc.*, 99 Ark. App. 64, 69–70, 257 S.W.3d 107, 112 (2007). In contrast, our supreme court has held that good cause to grant an extension was presented by a plaintiff when he had delivered a summons and complaint to the sheriff's office within 120 days of filing the complaint, but the sheriff's office had been unable to serve the defendant. *See Nelson v. Weiss*, 366 Ark. 361, 235 S.W.3d 891 (2006).

As acknowledged by the parties, there is no case in Arkansas directly on point with the facts we are presented. In this case, we are guided by public policy. "Without question, the law favors the amicable settlement of controversies, and because of this, it is the duty of the courts to encourage parties to reach a compromise." *Douglas v. Adams Trucking Co.*, 345 Ark. 203, 211, 46 S.W.3d 512, 517 (2001); *see also Stromwall v. Van Hoose*, 371 Ark. 267, 281, 265 S.W.3d 93, 104 (2007); *Roberts v. Green Bay Packaging, Inc.*, 101 Ark. App. 160, 163, 272 S.W.3d 125, 128 (2008). We hold that the circuit court did not err in extending the time for service of process. Lee asserted in his motion and supplemented later with documentation that (1) there had been active settlement negotiations within a month of the lawsuit's June 2018 filing, (2) those negotiations terminated in mid-October 2018, and (3) at the termination of negotiations, the brothers' attorney refused to accept service on their behalf.

Next, the brothers assert that service of process was not perfected on either of them, voiding the default judgment and requiring reversal. This court reviews a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. *Jones v. Douglas*, 2016 Ark. 166, 489 S.W.3d 648. Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them

5

must be exact. *Id.* The same reasoning applies to service requirements imposed by court rules. *Id.* Actual knowledge of a proceeding does not validate defective process. *Id.* The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Id.*

As to Ben, we hold that the circuit court did not err in finding that service of process was effected under Arkansas law. Ben's sole argument is that he swore under oath that he had never met the process server and that he was not served with process in this case. Ben fails to acknowledge, however, that the process server swore under oath that she did, in fact, serve Ben personally at the 473 Clinton Cross Road address. As stated, we review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. *Wine v. Chandler*, 2020 Ark. App. 412, 607 S.W.3d 522. The return of service is prima facie evidence of service, and the party claiming that service was not had has the burden of proof to overcome the prima facie case created by the proof or return of service. *Unknown Heirs of Warbington v. First Cmty. Bank*, 2011 Ark. 280, 383 S.W.3d 384. Whether service was had in this case is a question of fact, and the credibility of the evidence to rebut proof of service was a matter for the circuit court to decide. *Id.* We cannot state that the circuit court clearly erred in finding that there was valid service of process on Ben and denying the motion to set aside the default judgment against him.

As to Alan, we hold that the circuit court erred in finding service of process valid and erred in refusing to set aside the default judgment against him. The summonses indicate that Alan's residence was separate and apart from Ben's. The process server did not indicate that she had served Alan by leaving the lawsuit papers with someone at Alan's residence

6

who was at least fourteen years old and lived at Alan's residence. The process server did not indicate that she served Alan via an authorized agent, and no evidence was presented to show that Ben was Alan's agent authorized to accept service.

Notably, the circuit court remarked at the end of the hearing that Alan "had not been served" yet its subsequent order found that Alan had been served. We believe that the circuit court's comment was correct and its subsequent order was incorrect. Service of valid process is necessary to give a court jurisdiction over a defendant. *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, 525 S.W.3d 18. We reverse as to Alan because, absent effective service of process on Alan, the default judgment entered against him was void.

For the foregoing reasons, we affirm the denial of the motion to set aside the default judgment against Ben, and we reverse the denial of the motion to set aside the default judgment against Alan.

Affirmed in part; reversed in part.

HARRISON, C.J., and VIRDEN, J., agree.

*The Applegate Firm, PLLC*, by: *Ryan J. Applegate*, for appellants.

*Morrissey Law Firm*, by: *Travis J. Morrissey* and *Richard D. Burke III*, for appellee.