Cite as 2024 Ark. App. 59

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-22-231

| | |
|---|---|
| ROBIN DEE ENTERPRISES, INC.<br><br>APPELLANT<br><br>V.<br><br>CARVIN BURNS<br><br>APPELLEE | Opinion Delivered January 31, 2024<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54CV-19-208]<br><br>HONORABLE CHALK S. MITCHELL, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

This appeal arises from a default judgment entered against the appellant, Robin Dee Enterprises, Inc. ("RDE"), and in favor of the appellee, Carvin Burns, in the amount of $42,000. RDE filed motions to set aside the default judgment and to quash garnishment on the grounds that service of process was invalid and, therefore, the judgment was void. The circuit court denied the motions, finding that the service upon RDE complied with Arkansas Rule of Civil Procedure 4 and was proper.

RDE raises five points on appeal: (1) the manner of service was invalid; (2) the proof of service was insufficient; (3) the return receipt was signed by someone other than RDE or an agent of RDE; (4) because the judgment was void due to invalid service, the writ of garnishment should be quashed; and (5) the complaint should be dismissed because service was not timely perfected. The first, second, and third points on appeal are intertwined, and

the fourth and fifth points on appeal rise and fall with the resolution of the first three. Thus, the issue before us is whether the circuit court erred in determining that valid service upon RDE was made. We find no merit in RDE's defective-service argument. Accordingly, we cannot say that the circuit court erred in refusing to set aside the default judgment and quash the garnishment, and we affirm.

On October 10, 2019, Burns filed his complaint against RDE, alleging personal injuries and property damage from a single-vehicle collision caused by road construction being performed by RDE, an Illinois corporation authorized to transact business within the state of Arkansas. On October 11, Burns attempted to serve the complaint and summons by certified mail, return receipt requested, addressed to RDE's agent registered with the Arkansas Secretary of State, Robin Dee Ent., Inc.,[1] at the North Little Rock address on file with the Arkansas Secretary of State. On October 26, the certified mail was returned undelivered. On November 5, Burns mailed the summons and complaint via certified mail, return receipt requested, and addressed to Robin Dee Ent, Inc.—this time, at RDE's foreign address on file with the Arkansas Secretary of State: 1823 South Pine Street, Centralia, Illinois, 62801. On November 12, the certified mail receipt was signed by Madison Halfacre, an RDE employee responsible for collecting RDE's mail in Illinois. On January 6, 2020, Burns filed a return of service.

---

[1]The parties do not dispute that RDE and Robin Dee Ent., Inc., is a single entity, one and the same.

RDE failed to respond to the complaint. On February 21, 2020, the circuit court entered a default judgment against RDE in the amount of $42,000 and subsequently issued a writ of garnishment. On March 25, RDE moved to set aside the default judgment and to quash the writ of garnishment on the ground that the judgment was void due to invalid service of process.

On September 9, 2021, a hearing was held on RDE's motions, where counsel for the parties argued their respective positions. RDE argued that Burns failed to complete service of process in strict compliance with Arkansas law, contending that service on its registered agent, Robin Dee Ent., Inc., at its foreign address was not authorized under either Arkansas Rule of Civil Procedure 4 or Arkansas statutory law governing service on foreign corporations. RDE also challenged the sufficiency of the proof of service and further argued that its employee, Madison Halfacre, was not authorized to sign for receipt of the complaint and summons. Finally, RDE argued that, because the judgment was void, the writ of garnishment must be quashed and the complaint dismissed for lack of service within 120 days of its filing.

On November 5, the circuit court entered an order denying RDE's motions, finding that service of process by certified mail addressed to RDE's registered agent at its foreign address and signed for by its employee, Madison Halfacre, complied with the service requirements set out in Ark. R. Civ. P. 4 and was proper. This timely appeal followed.

I. *Applicable Law and Standard of Review*

3

Service of valid process is necessary to give a court jurisdiction over a defendant. *Branson v. Hiers*, 2021 Ark. App. 284, at 6, 625 S.W.3d 748, 752. A default judgment may be set aside if, among other reasons, the judgment is void. Ark. R. Civ. P. 55(c). A default judgment is void ab initio due to defective process "regardless of whether the defendant had actual knowledge of the pending lawsuit." *Nucor Corp. v. Kilman*, 358 Ark. 107, 119, 186 S.W.3d 720, 727 (2004). Being in derogation of common-law rights, statutory service requirements must be strictly construed, and compliance with them must be exact.[2] *Branson*, 2021 Ark. App. 284, at 6, 625 S.W.3d at 752. The same reasoning applies to service requirements imposed by court rules. *Id.*

We review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. *Id.* at 5–6, 625 S.W.3d at 752. When, like here, the appellant claims that the default judgment is void, our review of the circuit court's order denying a motion to set aside a default judgment is de novo, and we give no deference to the circuit court's ruling. *Id.* at 4, 625 S.W.3d at 751. We also apply a de novo standard of review when the issue presented involves the correct interpretation of an Arkansas court rule. *Holliman v. Johnson*, 2012 Ark. App. 354, at 4–5, 417 S.W.3d 222, 224.

II. *Discussion*

---

[2]The substantial-compliance standard adopted by the supreme court in January 2019 is inapplicable here because Ark. R. Civ. P. 4(k) retained the strict-compliance rule in default situations. *Ligon v. Bloodman*, 2021 Ark. 124, at 8.

On appeal, RDE contends that the manner of service was not authorized by Arkansas law and, therefore, was invalid. On November 5, 2019, Burns mailed the summons and complaint by certified mail, return receipt requested, addressed to RDE's registered agent, Robin Dee Ent., Inc., at RDE's foreign address on file with the Arkansas Secretary of State. On November 12, Madison Halfacre, an RDE employee responsible for collecting and receiving mail for RDE in Illinois, signed for that certified mail.

RDE argues that because Arkansas statutory law requires foreign corporations to designate with the Arkansas Secretary of State a registered agent with an Arkansas address, RDE's registered agent—its own corporate entity—was prohibited from accepting service outside the state of Arkansas. We disagree. The purpose of Arkansas's statutory procedures and requirements applicable to foreign corporations "is to make [foreign corporations] amenable to service of process or notice of other proceedings." *Ladd v. PS Little Rock, Inc.*, 2016 Ark. App. 506, at 6 (citing *Delta Oil Co. v. Catalani*, 276 Ark. 66, 70, 633 S.W.2d 1, 3 (1982)). Contrary to RDE's contention, these provisions neither mandate service of process on a registered agent at an address inside the state nor expressly prohibit service of process on a registered agent at an address outside the state.[3] A procedure is not presumed to be prohibited merely because it is not expressly authorized by a rule or statute. *See, e.g., Sikes v. Segers*, 263 Ark. 164, 168, 563 S.W.2d 441, 444 (1978). *Cf. Altice USA, Inc. v. Runyan*, 2023

---

[3]RDE relies on provisions contained in Arkansas's Business Corporations Act of 1987, Ark. Code Ann. §§ 4-27-1501 et seq. (Repl. 2016 & Supp. 2023), and Model Registered Agents Act, Ark. Code Ann. §§ 4-20-101 et seq. (Repl. 2020).

Ark. App. 124, at 10–11, 662 S.W.3d 247, 253–54 (reversing and remanding the denial of a motion to compel arbitration).

Service outside the state on the registered agent of a corporation "by certified mail with return receipt requested," *is*, however, expressly authorized by Arkansas Rule of Civil Procedure 4 "when reasonably calculated to apprise the defendant of the action." Ark. R. Civ. P. 4(g)(1)(A)(i), (h)(3). Rule 4's requirements for service by mail on a registered agent are, by design, "less onerous" than those for service by mail on a natural person. *See Advance Fiberglass, LLC v. Rovnaghi*, 2011 Ark. 516, at 4–6 (discussing 2004 amendment to Rule 4 which removed, in cases of service by mail on registered agent, restricted-delivery and natural-person requirements). Like the statutory-service provisions, Rule 4 does not mandate service on a corporation's registered agent at any specific address, location, or geographical area. *Cf. Black Springs Lumber Co. v. Palmer*, 192 Ark. 1032, 1033–34, 96 S.W.2d 469, 469–70 (1936) (service at specific location on person in charge of corporation's branch office not required when "[t]he statute does not so provide").

RDE argues that mailing the complaint and summons to its registered agent at its Illinois address failed to satisfy Rule 4's requirement that service be "reasonably calculated to apprise the defendant of the action." Ark. R. Civ. P. 4(h). We reject this argument. RDE was acting as its own agent for service of process. Burns first sent the complaint and summons to the North Little Rock address on file with the Arkansas Secretary of State listed as RDE's agent address. When that certified mail was returned undelivered, Burns sent the complaint and summons to the only other address on file with the Arkansas Secretary of State—RDE's

foreign address in Illinois—where the certified mail was received and signed for by an RDE employee responsible for picking up RDE's mail. We cannot say that the circuit court erred in finding that service in this manner complied with Rule 4 and was, therefore, valid.

We likewise reject RDE's argument alleging insufficient proof of service. "Disputes over whether service was had raise questions of fact," and we defer to the circuit court's credibility determinations as to the evidence rebutting proof of service. *Thomas v. Gray*, 2023 Ark. App. 281, at 2, 669 S.W.3d 37, 39 (citing *Branson*, 2021 Ark. App. 284, at 6, 625 S.W.3d at 752). We will not reverse a circuit court's finding that service was had absent "a definite and firm conviction that a mistake has been committed." *Id.* at 2, 669 S.W.3d at 40 (citation omitted).

"The return of service is prima facie evidence of service, and the party claiming that service was not had has the burden of proof to overcome the prima facie case created by the proof or return of service." *Branson*, 2021 Ark. App. 284, at 6, 625 S.W.3d at 752. To establish proof of service when the summons and complaint are served by mail, the person making service must execute a sworn certificate of service and "attach a return receipt, envelope, affidavit, acknowledgment, or other writing required by subdivision (g)(1) and (2) of this rule." Ark. R. Civ. P. 4(d)(1). As it existed in 2019 when RDE was served, Rule 4 provided:

> [Service by mail] shall not be the basis for the entry of a default judgment unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document, or affidavit by a postal employee reciting or showing refusal of the mailed process by the addressee.

Ark. R. Civ. P. 4(g)(1)(A)(ii) (2019).

RDE contends that a United States Postal Service (USPS) electronic delivery signature and address receipt, reflecting Ms. Halfacre's signature, delivery address, and time and date of delivery and attached to Burns's return of service, was not a proper return receipt. As support for this argument, at the September 9, 2021 hearing, RDE presented an uncompleted "green card" that it had retained at the time of service. A USPS certified mail receipt, also admitted into evidence at the hearing, indicates that Burns paid $2.80 for "Extra Services and Fees," although neither of the two boxes provided to indicate the form of return receipt requested—hardcopy or electronic—is checked.

While a "green card" apparently was included with the certified mailing, it was not completed. Instead, the USPS provided Burns's attorney with an electronic return receipt as evidence of receipt of delivery. This electronic return receipt with Ms. Halfacre's signature, along with the certified mail receipt and electronic tracking record, were attached to Burns's attorney's affidavit for return of service. On this record, we cannot say that the circuit court's finding that service was had was clearly erroneous.

Finally, we find no merit in RDE's assertion that the circuit court erred in finding that "Ms. Halfacre acted in the capacity of an employee/agent of RDE on November 12, 2019, by signing for receipt of service of the summons and complaint." A default judgment "may be set aside pursuant to Rule 55(c) if the addressee demonstrates to the court that the return receipt was signed . . . by someone other than the addressee or the agent of the

addressee." Ark. R. Civ. P. 4(g)(1)(A)(iv). RDE avers that Madison Halfacre did not have authority to accept service, relying primarily on the affidavit of Robin Ward—RDE's secretary, president, and registered agent designated with the Illinois Secretary of State.

Again, RDE designated its own corporation—Robin Dee Ent., Inc.—as its registered agent in its foreign-qualification filing with the Arkansas Secretary of State. According to RDE's answers to Burns's requests for admission, Ms. Halfacre worked for RDE at its principal place of business in Illinois, where her job duties included collecting and signing for mail sent to RDE.

As the circuit court noted, our supreme court's decision in *Advance Fiberglass, LLC*, 2011 Ark. 516, at 5, is on point. In that case, the plaintiffs filed a complaint against defendant, Advance Fiberglass, LLC, and served the summons and complaint by certified mail on Advance Fiberglass's designated registered agent, an individual named Bryan S. Jeffrey. *Id.* at 1. Mr. Jeffrey, however, did not sign for the certified mail. Instead, Joyce Harris, an employee of Jeffrey's, signed the receipt for the certified mail.

Advance Fiberglass argued that service was improper when its registered agent did not sign for the certified mail, and instead, its registered agent's employee, who was not authorized to accept service for Advance Fiberglass, signed the receipt. *Id.* at 2. In rejecting this argument, the supreme court noted that the argument relied on cases decided prior to Rule 4's amendment in 2004. *Id.* at 6 (citing *Henry v. Gaines-Derden Enters., Inc.*, 314 Ark. 542, 863 S.W.2d 828 (1993)). The court explained that Rule 4 permits service on the registered agent of a corporation by certified mail with return receipt requested. *Id.* at 5–6.

9

There is no restricted-delivery requirement, even when a designated registered agent is a natural person, and an individual who signs for the certified mail need not be authorized by postal service regulations to accept the mail. *Id.* Accordingly, the court held that service was valid when an employee of Advance Fiberglass's registered agent signed for receipt of the certified mail. *Id.*

In this case, RDE was acting as its own registered agent for service of process from Arkansas courts. And, as in *Advance Fiberglass*, Ms. Halfacre, an employee of RDE, accepted the certified mail. Accordingly, the circuit court did not err in concluding that service was valid when Ms. Halfacre signed for receipt of the complaint and summons.

We hold that valid service of process was made. The judgment, therefore, is not void. Reaching this conclusion, we need not address RDE's remaining arguments on appeal.

Affirmed.

THYER and BROWN, JJ., agree.

*Gill Ragon Owen, P.A.*, by: *Danielle W. Owens* and *Samuel H. Piazza*, for appellant.

*Wallace, Martin, Duke & Russell, PLLC*, by: *William N. Dawson*, for appellee.