Cite as 2024 Ark. App. 312

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-257

| | |
|---|---|
| SOUTHEASTERN COMMERCIAL MASONRY, INC. | Opinion Delivered May 15, 2024 |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-22-2049] |
| V. | |
| CR CRAWFORD CONSTRUCTION, LLC | HONORABLE DOUG MARTIN, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## RAYMOND R. ABRAMSON, Judge

This appeal arises from a default judgment obtained by appellee, CR Crawford Construction, LLC ("Crawford"), against appellant Southeastern Commercial Masonry, Inc. ("Southeastern"), in a breach-of-contract action in a construction case. Southeastern moved to set aside the default judgment pursuant to Rule 55 of the Arkansas Rules of Civil Procedure. After a hearing on December 20, 2022, the circuit court denied Southeastern's motion. On appeal, Southeastern argues two points. First, that the circuit court erred by denying the motion to set aside default judgment under Rule 55(c)(2) because Crawford failed to obtain proper service under the Arkansas Rules of Civil Procedure. Second, that the circuit court abused its discretion in denying the motion to set aside under Rule 55(c)(4) because Southeastern introduced evidence that justifies relief from operation of the

judgment and because it has a meritorious defense. Having conducted a de novo review, we agree with Southeastern's first point that the judgment is void for insufficient service; accordingly, we reverse and remand.

On August 15, 2022, Southeastern filed suit against Crawford seeking damages for breach of contract and other related causes of action arising from a construction contract for a project located in Huntsville, Alabama, entered into between the parties. Southeastern's lawsuit was filed in the Circuit Court of Madison County, Alabama. On September 13, 2022, Crawford moved to dismiss Southeastern's Alabama lawsuit; Southeastern responded to the motion to dismiss. On October 17, 2022, the Alabama court granted Crawford's motion to dismiss.

Crawford had filed suit in the Washington County Circuit Court on August 18, 2022, three days after Southeastern had filed suit in Alabama and before that lawsuit was dismissed. Crawford sought damages for breach of contract arising from the same construction contract. Crawford was issued a summons to serve on Southeastern.

The summons was addressed to:

SOUTHEASTERN COMMERCIAL MASONRY, INC.
C/O Jeffery Posey Registered Agent
2225 Drake Ave. SW, Suite 20
Huntsville, AL 35805

On August 18, 2022, Crawford attempted service on Southeastern at the above-referenced address via certified mail, but the green card evidencing delivery was returned unsigned. On August 30, 2022, Crawford sent the summons and complaint via FedEx to the above-referenced address with signature required.

On August 31, Crawford filed an affidavit of service stating that Southeastern was served on August 31, 2022. Attached to Crawford's affidavit of service was the proof of delivery for the FedEx package. The FedEx proof of delivery states that the summons and complaint were delivered to "Receptionist/Front Desk" at 2224 Drake Ave. SW, Suite 20 in Huntsville. The proof of delivery also indicates that a "G.Posey" signed for the summons and complaint.

Southeastern is a corporation registered and authorized to conduct business in Alabama. According to the Alabama Secretary of State's Office, Southeastern's registered agent is "Jeffery Posey." Southeastern maintains that, as president, Jeffery Posey is the only employee who is authorized to accept service of process. Southeastern asserts that "G.Posey" is an employee of the corporation but is not an officer of the company and has no authority to accept service of process on behalf of the company.

Southeastern failed to file an answer, and on October 5, 2022, Crawford filed a motion for default judgment. The following day, the circuit court granted the motion for default judgment. On November 9, Southeastern moved to set aside default judgment pursuant to Ark. R. Civ. P. 55(c)(2) and (4). Crawford responded, and Southeastern replied. The circuit court held a hearing on Southeastern's motion to set aside on December 20 and denied the motion on December 29.  In its order denying the motion to set aside default

3

judgement, the circuit court denied the motion "over the defendant's objection for the reasons stated on the record."[1] This appeal followed.

"The standard of review for an order denying a motion to set aside a default judgment depends on the grounds upon which the appellant claims the default judgment should be set aside." *Branson v. Hiers*, 2021 Ark. App. 284, at 4, 625 S.W.3d 748, 751. When, like here, "the appellant claims that the judgment is void, [this court's] review is de novo[.]" *Id.* "In all other cases, [the Court] review[s] an order denying a motion to set aside a default judgment for abuse of discretion." *Id.* The de novo standard of review is also applied when the issue presented involves, as it does here, the correct interpretation of an Arkansas court rule. *E.g.*, *Holliman v. Johnson*, 2012 Ark. App. 354, at 4–5, 417 S.W.3d 222, 224.

Southeastern's first point on appeal is that the circuit court erred in denying the motion to set aside default judgment under Rule 55(c)(2). Arkansas Rule of Civil Procedure 55(c) provides the instances in which a court "may, upon motion, set aside a default judgment." Those reasons are (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside

---

[1]In its oral ruling, the court relied primarily on Rule 4(f)(5) of the Arkansas Rules of Civil Procedure, but as we will explain further in this opinion, it is Rule 4(h) that provides the procedure governing service outside the state and permits service "[b]y mail or commercial delivery company as provided in subdivision (g)(1) and (2) of this rule." *See* Ark. R. Civ. P. 4(h)(3). Specifically, Rule 4(g)(2) is at issue in this appeal.

must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown. Ark. R. Civ. P. 55.

Southeastern argues that only Jeffery Posey can accept service on behalf of the corporation and relies heavily on Rule 4(f)(5) of the Arkansas Rules of Civil Procedure. However, as we noted earlier, service outside the state, which is applicable here, is governed by subsections (h) and (g) of Rule 4, which permits service "[b]y mail or commercial delivery company as provided in subdivision (g)(1) and (2) of this rule." Ark. R. Civ. P. 4(h)(3). Subdivision (g)(1) pertains to service by mail. Subdivision (g)(2), which pertains to service by commercial delivery company, provides, in pertinent part:

> (A) The documents must be addressed to the person to be served and delivered by a commercial delivery company that (1) obtains signatures of recipients, (2) maintains permanent records of actual delivery, and (3) has been approved by the circuit court in which the action is filed or in the county where service is to be made.

> (B) The process must be delivered to the defendant or an agent authorized to receive service of process on behalf of the defendant. The signature of the defendant or agent must be obtained.

> (C)(i) Service pursuant to this paragraph (2) shall not be the basis for a judgment by default unless the record reflects actual delivery on, and the signature of, the defendant or agent . . . .

Ark. R. Civ. P. 4(g)(2)(A), (B), (C)(i).

Arkansas law requires valid service of process before a court can acquire jurisdiction over a defendant. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, 488 S.W.3d 535. It is also well accepted that the service requirements must be strictly construed, and compliance with them must be exact. *Id.*

5

In the instant case, service was out of state and performed by a commercial delivery company, so we turn to Rule 4(g)(2)(B) which states: "The process must be delivered to the defendant or an agent authorized to receive service of process on behalf of the defendant. The signature of the defendant or agent must be obtained." Ark. R. Civ. P. 4(g)(2)(B). Here, we have no signature of the defendant or an agent. The record before us merely provides a FedEx receipt with the notation that it was signed for by: "G.Posey" and an affidavit from Jeffery Posey that states: "'G.Posey is an employee of Southeastern Commercial Masonry, Inc., however he is not an officer of the Company and has no authority to accept service of process on behalf of the Company." Nowhere in the record before us is a signature.[2] Because we do not have the signature of the defendant or the agent in this case, we must reverse and remand.

Accordingly, we hold that the default judgment is void due to insufficient service of process under Rule 4(g)(2) of the Arkansas Rules of Civil Procedure. Since we reverse and remand on Southeastern's first appellate point, we do not reach its second point on appeal.

Reversed and remanded.

GRUBER and WOOD, JJ., agree.

---

[2]We acknowledge a recent case, *Robin Dee Enterprises, Inc. v. Burns*, 2024 Ark. App. 59, 684 S.W.3d 596, that was decided after the parties submitted their respective briefs, and we distinguish it from the case at hand. In *Robin Dee*, this court affirmed the denial of a motion to set aside a default judgment based on the validity of out-of-state service. However, in *Robin Dee*, several pertinent facts are different from the instant case: it was certified mail delivery; Robin Dee Enterprises was its own registered agent; Madison Halfacre, a Robin Dee employee, was responsible for collecting the mail and signed for the delivery; and the "electronic return receipt with Ms. Halfacre's signature" was part of the record.

*Newland & Associates, PLLC*, by: *Joel F. Hoover* and *W. Evan Lawrence*, for appellant.

*Tim Cullen*, for appellee.